[Civ. No. 810.    Second Appellate District.—June 15, 1910.]

## A. F. SCHIFFMAN, Respondent, v. PEERLESS MOTOR CAR COMPANY, a Corporation, Appellant.

Exclusive Agency for Sale of Motor Cars—Breach of Contract by Principal—Support of Findings.—In an action by one to whom an exclusive agency was contracted for to sell defendant's motor cars within a specified territory, to recover from the principal damages for the breach of such contract, it is held that findings that plaintiff complied with the contract on his part and was at all times ready, able and willing to perform it in all respects, but that defendant violated the contract, to plaintiff's great damage, by soliciting orders within the territory allotted to such exclusive agency, in violation and breach of its contract with plaintiff, are fully supported by the evidence.

Id.—Measure of Damages for Breach of Contract.—The measure of damages for such a breach of the obligation of the contract is found in the general rule presented in section 3300 of the Civil Code, as being that amount which will compensate the plaintiff for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.

Id.—Deprivation of Profits not Speculative or Uncertain.—The profits which plaintiff was deprived of by the breach of the contract for an exclusive agency in specified territory are those which he would have made from the sale of machines wrongfully sold by defendant therein, had the defendant refused to invade the exclusive

territory granted to him, or have referred inquiries of purchasers to him as it agreed to do in the contract. There is nothing speculative or uncertain as to the amount of the profits of which plaintiff was thus deprived, but their loss is so closely connected with the breach of the obligation that the injury is not remote in its nature or origin.

ID.—PROFITS AND ADVANTAGES EXPRESSLY AGREED.—When profits and advantages are expressly stipulated for in the contract, and are the real purpose and direct and immediate fruit of a contract, they are part and parcel of it and must be considered as entering into and constituting a portion of its very elements, and they cannot be said to be collateral or remote.

ID.—ESTOPPEL OF DEFENDANT.—The defendant violating its express contract is estopped to deny that plaintiff would have made sale of the machines sold by defendant but for its violation of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Arthur L. Hawes, A. D. Laughlin, Percy R. Wilson, and E. W. Freeman, for Appellant.

Lynn Helm, and Shankland & Chandler, for Respondent.

TAGGART, J.—Action to recover damages for breach of contract. Judgment for plaintiff and defendant appeals therefrom and from an order denying its motion for a new trial.

Plaintiff and defendant entered into an agreement on January 28, 1905, which recites that defendant is engaged in the manufacture of motor cars and parts which it desires to market to the best advantage, and that plaintiff proposes to engage in the sale of defendant's product and agrees to purchase a certain number of its motor cars, to be resold within a certain fixed territory named (seven counties of Southern California). Plaintiff agreed not to sell or solicit orders for any cars outside of the territory named at any time prior to November 1, 1905, and defendant agreed not to solicit any orders or sell any cars within said territory, within that time, but to refer all inquiries from persons residing within that territory to the plaintiff. The plaintiff was to maintain proper quarters

in a suitable location in Los Angeles for the storage of stock and the repair of cars and carry a reasonable quantity of supplies and spare parts for the repair and maintenance of motor cars manufactured by defendant, and the latter was to supply printed matter advertising its cars, mentioning the name of plaintiff as engaged in the sale of such cars within the territory named. Provisions were also made for local advertising by plaintiff and the expense of exhibiting at local fairs, etc. Plaintiff was to purchase three motor cars at a fixed price and model for delivery in February, 1905, being allowed twenty per cent discount from the list price, which was f. o. b. Cleveland, Ohio; and it was agreed that defendant should sell to plaintiff motor cars, parts and supplies, manufactured or handled by it, on the same terms during the existence of the contract. Deliveries to be deemed complete on board cars at Cleveland.

The court finds that the plaintiff supplied and maintained the quarters required, and did not refuse, neglect or fail to prosecute the sale of defendant's motor cars, but complied in all respects with the terms of the contract, and was at all times during its existence ready, able and willing to perform it in all respects; but that defendant solicited orders and made sales of cars and parts thereof within the territory described during the term for which such contract was to continue; and that the plaintiff has suffered damages by reason of the particular breaches of contract, specifically found, in the sum of $4,145, less a setoff of $150, for which balance judgment is given.

Appellant, in its attack upon the judgment, relies principally upon the contention that, under the contract, the plaintiff was merely a purchaser of the three cars which the defendant required that he buy as an earnest of his intentions to assume the sale of its cars in the territory described. That such was not the intention or understanding of the parties is clearly disclosed, not only by the instrument itself, but the contemporaneous and subsequent construction placed upon it by them in their correspondence. The "agency of Schiffman" is frequently mentioned and assumed, and in one letter, under date of February 22, 1905, signed by defendant per its "Sales Manager," appears the following: "We are pleased to have the agency in the name of Mr. Schiffman."

Equally without support is the contention that the contract of employment by plaintiff of Messrs. J. M. Pawley and H. L. Olive constituted them partners in the agency. In the letter above quoted from these men are mentioned as being in the employ of plaintiff, and in letters under date of February 7th and March 8th, written by plaintiff to defendant, the relation between the parties is made plain.

The evidence abundantly justifies the finding that defendant violated its agreement not to sell Peerless machines within the territory allotted to plaintiff, and also the finding that machines were sold to seven different persons, and that some $500 worth of parts of machines were also sold therein by other parties for defendant during the existence of the contract. The arrangement by which these sales were made through another agency in Toledo, Ohio, was clearly brought home to the defendant. It is also shown by the evidence that during the time these machines were being so sold the plaintiff, in compliance with the contract, continued to maintain an agency in the city of Los Angeles in the name of the defendant, paying the expenses thereof out of his own pocket, and that defendant represented to him that it was unable to supply machines to meet the orders sent to it by the plaintiff. There can be no question that this was a violation of the contract.

The measure of damages for such a breach of obligation is found in the general rule declared in section 3300 of the Civil Code, to wit, that amount which will compensate the plaintiff for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. In applying this section it is, of course, subject to the limitation that no damages can be recovered which are not clearly ascertainable in both their nature and origin (sec. 3301). The profits which plaintiff here complains that he was deprived of are those which he would have made from the sale of these machines had the defendant either refused to invade the exclusive territory granted to him or have referred the inquiries of the purchasers to him, as it agreed to do in the contract. There is nothing speculative or uncertain as to the amount of profits of which plaintiff was thus deprived, and their loss is so closely connected with the breach of the obligation by defendant, that it is difficult to see any ground upon which it can be said that plaintiff's injury is too remote either

in nature or origin. We are of opinion that these profits are such as plaintiff is entitled to recover under the authorities in this state. (*Sanford* v. *East Riverside,* 101 Cal. 275, [35 Pac. 865]; *Tahoe Ice Co.* v. *Union Ice Co.,* 109 Cal. 242, [41 Pac. 1020].) When profits and advantages are expressly stipulated for in the contract, and are the real purpose and direct and immediate fruit of a contract, they are part and parcel of it and must be considered as entering into and constituting a portion of its very elements. (*Shoemaker* v. *Acker,* 116 Cal. 245, [48 Pac. 62].) In such a case it cannot be said that the profits are collateral or remote. Another element entering into the consideration of such a question is that of the estoppel of defendant to deny that plaintiff would have made sale of these machines but for its violation of the contract. It does not lie in its mouth to say, you could not have sold these machines had I not devised a method whereby your employees could make these sales through another agency.

We are not informed by counsel for either party upon what theory the balance of $3,995, for which judgment was given, was reached, and the record contains nothing from which this court can determine the prices paid for the cars sold by defendant, or determine the amount of freight which plaintiff would have paid on these cars had they been delivered to him f. o. b. at Cleveland, and he required to pay the freight. We cannot assume the trial court did not charge the freight to plaintiff, nor could the judgment be modified upon this theory, if appellant's contention in this regard is correct.

The numerous errors of law specified are not presented any further than they incidentally arise in discussing the foregoing propositions; therefore, they are not separately considered.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.