## F. E. SPARKS, *Appellee*, v. THE RELIABLE DAYTON MOTOR CAR COMPANY, *Appellant*.

### No. 16,861.

#### SYLLABUS BY THE COURT.

1. DAMAGES — *Measure — Automobile Agency.* The measure of damages for breach of a contract giving the plaintiff the exclusive agency for the sale of automobiles where the manufacturer invades the plaintiff's territory is the amount of commissions or discounts of which the plaintiff is deprived by sales made by the defendant.

2. ———— *Employer Selling in Agent's Territory—Estoppel.* In such an action the defendant by selling in the plaintiff's territory in violation of the agreement is estopped to claim that if he had not done so the plaintiff would not have made the sales.

Appeal from Mitchell district court. Opinion filed June 10, 1911. Affirmed.

*M. E. Michaelson,* for the appellant.

*C. M. Higley, F. J. Knight,* and *J. W. Tucker,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff and the defendant entered into a written contract on the 28th day of May, 1907, by which the defendant agreed to give the plaintiff the exclusive agency for the sale of its automobiles in the counties of Osborne, Mitchell, Cloud, Clay, Washington, Republic, Jewell, Smith, Phillips and Rooks, in the state of Kansas, and further agreed not to sell its machines within that territory except to the plaintiff, in consideration of which the plaintiff agreed to push the sales within the territory mentioned to the best of his ability. The contract was to expire October 1, 1907. The plaintiff's commission was to consist of a discount of twenty per cent from the catalogue prices, but he was not to receive any discount until he had sold three cars. While the contract was in force the plaintiff sold two cars for which he paid the full price. The third car was not sold until about May 1, 1908, and the plaintiff paid in advance $175 on this car, but the company after shipping it refused to permit the railway company to deliver it until the plaintiff would pay the catalogue price in full. He claimed he was entitled to sixty per cent discount and that it was the third sale under the contract. The company claimed that the contract having expired October 1 he was entitled to no commission. In the meantime the plaintiff, learning that the defendant had sold four cars within his territory in violation of the terms of their agreement, brought this action to recover for the commission on the sales made by himself and those made by the company in his territory, and also to recover $175 advanced on the third machine ordered by him. A jury was waived and at the conclusion of the evidence the court found generally for the plaintiff and rendered

judgment in his favor for $1111.20.    The defendant appeals.

The only question of law involved is the measure of damages for the violation of that part of the contract in which .the defendant agreed not to sell machines within the territory of the plaintiff while the contract was in force.    The plaintiff insists that he is entitled to recover the regular twenty per cent commission on all sales made by the defendant within his territory.    This contention appears to be sound.    The defendant does not suggest what the correct measure of damages should be, but insists that the petition does not state facts from which the damages may be measured and that the evidence fails to supply the deficiency.    While the petition fails to state the amounts for which the other cars were sold, there was no motion to require it to be made more definite, and there was some evidence showing the dates and prices of the other sales.    The question as to the proper measure of damages in such a case was before the California court in *Schiffman v. Peerless Motor Car Co.*, 13 Cal. App. 600.    That was an action for the breach of a contract for an automobile agency by the manufacturer invading the plaintiff's territory contrary to the agreement.    It was held that the proper measure of damages was the amount of profits of which the plaintiff was deprived by the sales made through other agents in his territory.    In the opinion it was said:

"There is nothing speculative or uncertain as to the amount of profits of which plaintiff was thus deprived, and their loss is so closely connected with the breach of the obligation by defendant that it is difficult to see any ground upon which it can be said that plaintiff's injury is too remote either in nature or origin." (p. 603.)

This is in accord with the general rule that damages for the breach of a contract are those which are the direct and proximate results of the wrong complained

of. (13 Cyc. 156 and cases cited.) It was, of course, the duty of the defendant to refer to the plaintiff all inquiries for cars in his territory. Had they done this and refused to make the sales the presumption is that he would have made them. Besides, the defendant is estopped by its wrongful conduct to say that the plaintiff would not have made the sales. (*Schiffman v. Peerless Motor Car Co.*, supra.)

The contract by its terms was to expire October 1, the year being left blank. The parties, however, construed the contract to mean that it expired October 1, 1907. Immediately after it was executed the plaintiff wrote the defendant that such was his understanding and that the time was too short, but no extension seems to have been made. While the third car ordered by the plaintiff was not sold within the life of his contract, other cars were sold in his territory upon which he is entitled to the commission, and the defendant is estopped from claiming that he failed to sell three cars before October 1, since the defendant's wrongful act was the cause of his failure.

There is an ambiguity in the contract as to whether the plaintiff after he sold the third car was to receive a straight discount of twenty per cent on each car sold or sixty per cent on the third car. But in the correspondence between the parties the company explained this to mean that they would allow a straight twenty per cent discount on all three cars, provided a deposit of twenty per cent of the purchase price accompanied each order, or sixty per cent on the third car ordered. It is not shown what part of the purchase price was paid when the cars were ordered, but inasmuch as the cars did not vary greatly in price, the difference in the discount would not amount to much whichever way it was figured.

In fact the abstract fails to disclose just how the court arrived at the amount of the judgment, and neither side has offered an explanation of the theory.

The presumption is that the court took into consideration evidence not mentioned in the abstract.

The demurrer to the petition and the evidence were rightly overruled.  The judgment is affirmed.