No. 32,120

J. I. CASE COMPANY, *Appellant*, v. W. J. BODECKER, *Appellee*.

(42 P. 2d 575)

Opinion filed April 6, 1935.

*Arthur C. Scates,* of Dodge City, and *Oscar D. McCollum,* of Kansas City, Mo., for the appellant.

*W. C. Gould, George R. Gould* and *Carl Van Riper,* all of Dodge City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is a second appeal in an action involving defendant's right to recover damages for alleged breach of contract.

The opinion in the former appeal is reported in *J. I. Case Co. v. Bodecker,* 137 Kan. 136, 19 P. 2d 450, where the issues are outlined and the evidence offered at the first trial is summarized. In that

trial, the trial court sustained a demurrer to defendant's evidence, but on motion for a new trial concluded it had erred and granted a new trial. In disposing of plaintiff's appeal from that ruling, we said:

"We think the court was correct in saying there was evidence from which a jury might find, from its course of dealing with defendant, plaintiff had become estopped from insisting on the literal interpretation of its contracts with respect to weekly reports, or had waived its rights to cancel the contracts by reason thereof." (p. 140.)

At the second trial, evidence of about the same character as outlined in the above opinion was offered by the defendant and plaintiff again demurred thereto, the demurrer was overruled, and at the conclusion of the trial a verdict was rendered in favor of the defendant. Plaintiff appeals, and its assignments of error are summarized as follows:

1. That the court erred in admitting testimony tending to show it had waived or qualified any of the terms of its written contract with defendant, and in instructing the jury thereon.

2. In overruling its demurrer to defendant's evidence and

3. In admitting testimony relative to the value of defendant's services or time, and in instructing the jury with respect thereto.

As to the first assignment, it may be said the matter was fully treated in the first appeal, and need not be discussed further than to say that the evidence was properly admitted, and except as to the item of $1,200 listed in the statement of defendant's claims, which is hereafter mentioned, the jury was properly instructed, and its finding, having been approved by the trial court, is conclusive here.

As to the second assignment of error, it is not necessary that we repeat the testimony tending to support defendant's claims as to the contract having been unlawfully canceled, as the substance of it is stated in the first appeal. Neither are we concerned with appellant's interpretation placed upon it, which is in a large part predicated on what it claims is incompetent, but what we hold to be competent, evidence. The trial court properly overruled the demurrer.

The third assignment we regard as meritorious. The first cause of action of defendant's cross petition alleged his contracts with plaintiff, dated December 4, 1930, constituting him the exclusive agent of plaintiff for the sale of plaintiff's merchandise until October

31, 1931, and that in pursuance he entered upon the work of advertising and selling in his assigned territory, performing all conditions and work required by the contracts, but that about June 3, 1931, the plaintiff unlawfully canceled the contracts, no longer recognized him as agent, and no longer furnished him merchandise; that in the preliminary work done by him for the sale of plaintiff's products, it was necessary to expend and he did expend certain amounts for automobile service, salesmen's expense and advertising, the sum of $794, for which he sought recovery. It is not necessary to review the contracts further than to state they required defendant to advertise and canvass for business, to make two demonstrations of tractors, to set up and start machinery sold under the contract, to maintain a shop, etc. His compensation was the profit made from selling the machines above certain listed prices, with a special discount for the performance of the above services. At no place in the contract is there any provision for salary.

On trial, after showing the above items of expense, and over plaintiff's objection, defendant was permitted to testify that his time devoted to the business was worth $200 per month for six months, or $1,200, being the item before referred to, and he was then permitted to amend his cross petition to conform to proof. On cross-examination he testified he had received cash commissions of $340 and had sold two tractors, receiving for his commission some machinery which he had never been able to sell. At no time did he offer to return the commissions of cash or machinery received, or to give any credit on account thereof, and, indeed, that being a part of what he gained from a performance of the contract, he did not have to, but having accepted commissions, he could not "change horses in the middle of the stream" and seek to recover also for his time. His measure of damages was the amount of commission he would have been paid, less his expenses, had the contract not been breached. As was said in *Richardson v. Swartzel*, 70 Kan. 773, 79 Pac. 660:

"Where a partially performed contract between a company and its agent for the sale of machinery is arbitrarily and wrongfully terminated by the company, the agent has the option to sue for the breach and recover damages, or upon a *quantum meruit* for the worth of his services already rendered." (Syl. ¶ 1.)

In *Sparks v. Motor Co.*, 85 Kan. 29, 116 Pac. 363, Ann. Cas. 1912C 1251, the syllabus reads:

"The measure of damages for breach of a contract giving the plaintiff the exclusive agency for the sale of automobiles where the manufacturer invades the plaintiff's territory is the amount of commissions or discounts of which the plaintiff is deprived by sales made by the defendant." (Syl. ¶ 1.)

In *Emerson-Brantingham Co. v. Lyons*, 94 Kan. 567, 147 Pac. 58, a somewhat similar situation was involved, and it was held the agent could recover reasonable expense incurred in advertising and demonstrating machinery, but was not entitled to recover for the value of services rendered. And see *Osborne v. Stassen*, 25 Kan. 736, as bearing upon the question.

To permit defendant to recover for his time, as well as for expenses incurred in advertising and demonstration, and to retain the commissions of cash and machinery he had received, would be to permit a double recovery. When he retained the commissions he had received and sought to recover the expenses paid, he waived any right he might otherwise have had to recover as on *quantum meruit*, and the trial court erred in receiving the testimony and permitting amendment of the cross petition.

We are then confronted with the proposition of what effect the wrongfully admitted testimony had upon the verdict of the jury, which was for $896. There is no dispute in the evidence that the expense items for which defendant was entitled to recover totaled $794. It follows also that the difference of $102 is what the jury allowed defendant for his time under the improperly admitted evidence. It requires no new trial to determine that the amount of defendant's recovery should have been $794, and judgment for that amount is ordered. At the trial, it was admitted by the pleadings that plaintiff was entitled to judgment against the defendant on a note, for the sum of $600 and interest, or a total of $766.67, as of April 23, 1934. This amount should be set off against the judgment for $794, leaving a balance due on defendant's judgment against plaintiff of $27.33, which should bear interest at six per cent from April 23, 1934 (R. S. 60-3317).

The judgment of the lower court is reversed, and the cause remanded with instructions to enter judgment in accordance herewith.