## RICE, surviving partner, *vs.* CAUDLE.

1. In a suit for compensation, growing out of the breach of a contract, under which the plaintiff claimed the exclusive right to sell certain goods at a given price, in a designated territory, and in violation of which, others were employed to do the work without his consent, when he was ready and willing to carry out his contract, the measure of damages would be the difference between the cost of doing the work and the price to be paid for it; that is, the profits of the enterprise, after deducting the legitimate and actual cost of its execution.

2. The amendment which the court allowed to plaintiff's declaration introduced no new cause of action, nor did it amount to a misjoinder of causes of action.

February 2, 1884.

Damages. Master and Servant. Contracts. Amendment. Before Judge CLARK. City Court of Atlanta. December Term, 1882.

Caudle brought his action against Austell & Rice on an open account, as follows:

"Austell & Rice,
"1881.                    To Thomas A. Caudle, Dr.
"Nov. 1.   To selling 50 tons Pendleton's and Burgess's guano, at
                  three dollars per ton,      .     .     .      .     .   $150
"Nov. 1.   To amount sold by sub agents of Austell & Rice
                  within territory of Thomas A. Caudle, 75 tons,
                  at three dollars per ton,   .     .     .     .     .    225
                                                                    ————
                                                                    $375."

He amended his declaration by alleging that, by agreement with defendants, he was to have the exclusive right to sell guano for them within a certain territory, and was to receive $3.00 per ton for all he should sell; that he sold fifty tons; that they also permitted other parties named to sell guano within the agreed territory, who sold together seventy-five tons, for which he claims pay at $3.00 per ton.

It is unnecessary to detail the evidence. The jury found for the plaintiff on the first count (the claim on account of guano sold by plaintiff) $21.90; on the second, $85.06,

making a total of $106.96. Austell having died pending the action, it proceeded against Rice, surviving partner. He moved for a new trial, on the following among other grounds:

(1.) Because the amendment to the declaration was allowed, and evidence was admitted under it.—The objection was, that it set out a new cause of action.

(2.) Because the court charged as follows: " If you believe, from the evidence, that the plaintiff and defendant made a contract, by which plaintiff was to have the exclusive right to sell guano for defendants within a certain territory, for the year 1881; and if you believe that defendants placed other agents within said territory, in violation of the contract, and that such other agents sold seventy-five tons of guano, or any number of tons, then the plaintiff would be entitled to recover of the defendants such damage as he may have sustained by reason thereof; and the measure of such damage would be $3.00 per ton on every ton sold by such agents—it being conceded in the case that by the contract the plaintiff was to receive $3.00 on each and every ton of guano sold by himself."

The motion was overruled, and defendant excepted.

B. F. Abbott, for plaintiff in error.

D. N. Martin, for defendant.

Hall, Justice.

1. In a suit for compensation growing out of the breach a contract, which consisted in depriving plaintiff of the exclusive right which it was claimed he bargained for, to sell certain goods at a given price in a designated territory, and in employing others to do the work, without his consent, and when he was ready and willing to carry out his contract, the presiding judge charged the jury that he was entitled to recover as damages the entire amount at which it was shown he agreed to make the sales,

although they were made by others. This court, in the case of *Wallace vs. Tumlin*, 42 *Ga.*, 463, held that "the actual damages the plaintiff was entitled to recover, in such a case, embraced the difference between the cost of doing the work and the price to be paid for it; that the measure of damages for the breach or refusal to carry out such contract should be computed by ascertaining the profits of the enterprise, after deducting the legitimate and actual costs of its execution;" and they would have reversed the judgment for this error in the charge of the superior court, had not the plaintiff's evidence given the correct measure of damages, which enabled them to correct the judgment, by ordering the amount of the cost of executing the contract to be written off.

We are not authorized to give a similar direction to this case, which we would willingly do, for the want of any evidence upon this material point.

2. The amendment which the court allowed to plaintiff's declaration introduced no new cause of action, nor did it amount to a misjoinder of causes of action, as was insisted by the defendant; it simply supplied a defective statement of the plaintiff's case, as set forth in the plaintiff's original declaration.

This disposes of the exceptions as to testimony, founded upon the supposed error in sustaining the amendment. The other grounds of the motion are determined by what has been said in reference to the judge's charge.

Judgment reversed.