E. J. BRACH *v.* STEWART.*

(Division A. May 18, 1925.)

[104 So. 162. No. 24671.]

PRINCIPAL AND AGENT. *Measure of damages for breach of contract giving plaintiff exclusive right to sell defendant's goods in certain territory on commission basis stated.*

In action for breach of contract giving plaintiff exclusive right to sell defendant's candies within described territory on commission basis, plaintiff could show the sales made by defendant through other representatives in such territory, subsequent to the breach, and recover his commission thereon.

*Headnote 1. Agency, 2. C. J., section 455.

APPEAL from chancery court of Lee county.

HON. ALLEN COX, Chancellor.

Suit by J. S. Stewart against E. J. Brach & Son. Judgment for complainant, and defendant appeals. Affirmed.

*J. M. Thomas,* for appellant.

The real issue on this appeal is the measure of damages, assuming that there was a breach of contract on the part of appellant, in the first instance.  The lower court held that the appellee was entitled to the full contractual commissions regardless of whether his relationship to appellant was that of a broker, wherein the measure of damages would be such loss sustained by him on sales that he could and would have made had he not been discharged.  But we must ask whether his relationship was that of a travelling salesman (agent) under contract to give full time representation to the interest of his employer.  See 4 R. C. L., 315, under title of Brokers.

I submit that he could not recover for the agreed compensation without proceeding to carry out and successfully performing the contract according to its terms.  If he adopted the course of rescinding his contract and counting it as at an end he could only recover such damages as the value of his service already rendered and prospective profits according to his efforts; in other words, what he would likely have earned judging the future from the past during the existence of the contract.

The court below fell into the error of considering the contract as one of agency, that is of a travelling salesman, wherein the management of the business had been confided to the appellee.  For the definition of an agency of this character see, 21 R. C. L. 817, under the title "Principal and Agent," sec. 1.

It is obvious from the decree that the basis of the decision of the court below was a measure of damages measured by the commissions on the orders received by E. J. Brach & Son from the territory in Mississippi at a time when E. J. Brach & Son, had to put other men into the territory to do the work which they contracted with Mr. Stewart to do and at a time when Mr. Stewart was representing a competitive concern and drawing commissions from other sources.

I have only cited as authorities heretofore in this brief the fundamental relationship between broker and his client and between a principal and his agent and the rule of law as to the measure of damages in each of the instances. On the question as to the broker, he must show that he had a purchaser ready, willing and able to buy, I refer to the editor's note under *S. Bluthenthal & Co.* v. *R. E. Bridges,* 24 L. R. A. (N. S.) 279, *et seq;* 4 R. C. L., title Brokers, sec. 2, p. 242; 14 Am. Cas., 802 and 8 L. R. A. (N. S.) 474.

An agency is defined as:—"A contract either express or implied by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, by which that other assumes to do business and to render an account of it. 21 R. C. L., under title "Principal & Agent," sec. 1, p. 817.

With further reference to the question of damages and mitigation, reduction, etc., for a breach of contract of employment, see *Mt. Pleasant Stable Co.* v. *Louis Sternberg,* from Sup. Court of Mass., 15 A. L. R. 749.

On the subject as to the kind of employment within which the rule as applied requiring a discharged employee to seek or accept other employment, see *Mrs. R. G. Williams et al.* v. *Bonny Robinson,* from Ark. Sup. Court, 28 A. L. R. 734, to which there is an exhaustive annotation on the subject.

Under the breach of a contract with an agent where there is an exclusive sales agency the measure of damages is set forth in *Macan* v. *Scandinavia Belting Co.,* 5 A. L. R. 1502, which has reference particularly to proof of loss of profits. I respectfully submit that this case should be reversed and a re-trial ordered, so that the principles of law with reference to the measure of damages and proof thereon should conform to the principles of law as set forth in this brief, which are contrary to the principles used in a decision of the case on the trial in the lower court.

*John R. Anderson,* for appellee.

I do not deem it necessary to cite the court to the testimony to support the appellee's contention as to what contract was and its breach because the court in its opinion held that the contract as testified to by the appellee was the contract entered into by and between him and the appellant and that it was breached in the manner set out in the bill in this cause. The court also found these facts in its decree.

My judgment is that it does not matter whether the appellee represented the appellant in the capacity of a travelling salesman or a broker because in either instance if the appellant breached the contract the appellee would have the right to pursue the remedy pursued in this case, and the law applicable thereto would be the same with this.

The testimony in this case showed that the appellee contracted with the appellant to sell its goods in the state of Mississippi and the appellee was delivered a sample case and he immediately set out to call on the trade in his territory, paying his own expenses and receiving for his service a stipulated commission. According to all of the decisions that I can find with reference to the definition of a traveling salesman appellee was one. *Mulholland* v. *Wood,* 31 A. T. L. 248, 249, 166 Pa. 486; 8 Words & Phrases, 7082; Appeal of Corr., 27 A. T. L. 681, 157 Pa. 133; 8 Words & Phrases, 7082; *Price Co.* v. *City of Atlanta,* 31 S. E. 619, 623. 105 Ga. 358; 8 Words & Phrases, 7082.

There is a vast difference between a broker and a traveling salesman. A broker is an agent employed to make bargains and it is his business to bring buyers and sellers together and he need not have anything whatever to do with the negotiations of the bargains after having brought the buyer and seller together. He earns his commissions whenever he procures for the principal a party with whom the principal is satisfied and who actually contracts for the purchase of the property at a price ac-

ceptable to the owner. *Alt.* v. *Doscher,* 92 N. Y. Sup. 439, 441, 102 App. Div. 344; *Pierce* v. *Nichols,* 110 S. W. 206, 208, 50 Tex. Civ. App. 443; 1 Words & Phrases, 504, 505.

EVEN THOUGH THE APPELLEE WAS EMPLOYED AS A BROKER, ISN'T THE SAME LAW APPLICABLE AS IT WOULD BE TO A TRAVELING SALESMAN? It was contended in the court below that Stewart was a broker and that under the law after his contract had been revoked it was his duty to sit idly by and not seek any other employment of similar nature and wait until the expiration of his contract and then bring suit. I say that this contention on the part of appellant does not smack of reason. Suppose the appellee had contracted with the appellant to represent it as a broker for a period of ten years and within six weeks after the contract had been entered into the appellant had revoked the contract; does the law contemplate that the appellee would have to sit down and hold his hands without seeking a similar position and wait until the ten-year period had elapsed before he could bring suit? I say to ask the question is to answer it. The appellee would starve to death in that time.

The authority cited by appellant, 4 R. C. L. 315, shows even though appellee was a broker he had a right to file the very suit he filed at the time he filed it and recover the very damages recovered by him.

WHAT WAS THE MEASURE OF APPELLEE'S DAMAGES? The measure of appellee's damages for the breach of his contract is the amount of commissions or discounts of which appellee is deprived by sales made by the appellant. *Sparks* v. *Reliable Dayton Motor Co.,* 85 Kan. 29, 116 Pac. 363; Am. Ann. Cas. 1912, C. 1251; *Shiffman* v. *Co.,* 13 Cal. App. 600, 110 Pac. 460; *Cofield* v. *Co.* 89 S. C. 419, 71 S. E. 968; *Carr* v. *Hillis Co.,* 12 Baly. (N. Y.) 332.

It was shown by appellant's answer to the interrogatories propounded to it that after the breach by it of the contract covering appellee's employment it sold goods in appellee's territory the commission upon which under appellee's contract would have amounted to one thou-

sand fifty-nine dollars and twenty-three cents. Therefore under the *Sparks case, supra,* appellee would have been entitled to that amount in commissions. And the appellant is estopped from denying that appellee would not have made these sales in said territory if he had been allowed to continue.

I say that the *Sparks case, supra,* is identical with this case before the court and I respectfully submit that this case ought to be affirmed.

*J. M. Thomas,* in reply for appellant.

I think that this court in making application of the law with reference to the measure of damages for the breach of a contract in the case at bar, should be guided by the principles announced in *William G. Beach* v. *J. N. Johnson,* 102 Miss. 419, 59 So. 800; Ann. Cas. 1914D., 33 and note.

Such commissions to be paid as a breach of the contract were not in the minds of the parties when the trade was made and it was not so provided by the contract itself. The case of *Beach* v. *Johnson,* was approved in *Delta Table & Chair Co.* v. *Y. & M. V. R. R. Co.,* 63 So. 273; *Crystal Ice Co.* v. *Holliday,* 64 So. 660; *Stewart* v. *Coleman & Co.,* 82 So. 72.

Argued orally by *J. M. Thomas,* for appellant, and *J. R. Anderson,* for appellee.

McGowen, J., delivered the opinion of the court.

The appellee, J. S. Stewart, filed his bill in the chancery court of Lee county seeking to recover commissions on sales of candy in the state of Mississippi by Brach & Son, the appellant, with ten counties excepted; and there was an attachment in the chancery court certain debtors of appellant, Brach & Son, being made defendants as garnishees. The bill is founded upon an oral contract found to exist by the chancellor between Brach

& Son, and Stewart for the sale of their candies for the exclusive right to sell their candies within the territory described.  After Stewart had been traveling and engaged in selling the candies for seven or eight days, Brach & Son concluded to breach this contract and put a number of representatives in the territory selling the candy, to which Stewart demurred and demanded that these representatives be kept out of his territory.  After some negotiations, Brach & Son decided to retain their representatives in the territory and, in the language of the record, fired Stewart.

The contract was to run from the —— day of —— until January 1, ——.  And when the contract was made, the representative of Brach & Son said to Stewart that he could easily make five thousand dollars on the contract in the territory.  The method for proving damages for the breach of the contract adopted by Stewart was by showing the amount of sales made to the different classes of trade within the territory by Brach & Son and the commissions for sales to jobbers, variety stores, and retail trade therein amounting to one thousand fifty-nine dollars and twenty-three cents which amount the chancellor decreed to be due Stewart from Brach & Son for the breach of the conract.

There was evidence amply sustaining the chancellor's view of the contract, and that it was breached, and the only serious question presented here is as to whether or not the court adopted the proper rule for ascertaining the complainant's damages for the breach of the contract.

Appellant argues strenuously that the contract was made by the complainant Stewart as a broker, and not as a traveling salesman.  We think the chancellor in the court below correctly found that this was a contract for sales in territory exclusively given to the agent, and that the rule for ascertaining the measure of damages adopted in the court below was necessarily the correct one, as in a case where the territory is exclusively given to an agent or traveling salesman or broker, and the territory

is invaded by the other party to the contract and sales made, one of the ways of proving damages for the breach of the contract is to show the sales made by the offending party and the commissions thereon.  The measure of appellee's damages for the breach of his contract is the amount of commission of which appellee is deprived on account of sales made by the appellant in the invaded territory.  In *Sparks* v. *Reliable Dayton Motor Car Co.,* 85 Kan. 29, 116 P. 363, Ann. Cas. 1912C, 1251, the Kansas court held, where an automobile agency was involved:

"The measure of damages for breach of a contract giving the plaintiff the exclusive agency for the sale of automobiles where the manufacturer invades the plaintiff's territory is the amount of commissions or discounts of which the plaintiff is deprived by sales made by the defendant.  In such an action the defendant by selling in the plaintiff's territory in violation of the agreement is estopped to claim that if he had not done so the plaintiff would not have made the sales."

Quoting from the case *supra*: "The question as to the proper measure of damages in such a case was before the California court in *Schiffman* v. *Peerless Motor Car Co.,* 13 Cal. App. 600.  That was an action for the breach of a contract for an automobile agency by the manufacturer invading the plaintiff's territory contrary to the agreement.  It was held that the proper measure of damages was the amount of profits of which the plaintiff was deprived by the sales made through other agents in his territory.  In the opinion it was said:

" 'There is nothing speculative or uncertain as to the amount of profits of which plaintiff was thus deprived, and their loss is so closely connected with the breach of the obligation by defendant that it is difficult to see any ground upon which it can be said that plaintiff's injury is too remote either in nature or origin.' . . .

"This is in accord with the general rule that damages for the breach of a contract are those which are the direct and proximate results of the wrong complained of. 13 Cyc. 156, and cases cited.  It was, of course, the duty

of the defendant to refer to the plaintiff all inquiries for cars in his territory. Had they done this and refused to make the sales the presumption is that he would have made them. Besides, the defendant is stopped by its wrongful conduct to say that the plaintiff would not have made the sales.''

We are unable to adopt the view of appellant in this case that it or the court is concerned with the proposition of whether Stewart was a traveling salesman or a broker, for the reason that the contract as found to exist by the chancellor was for certain territory exclusively, and certainly it is not an unfair rule to say that the plaintiff might have recourse to the method of showing the sales made in the invaded territory by the appellant in violation of the agreement, and recover the commissions thereon.

We find no reversible error in this record.

*Affirmed.*