## COBB v. LEPISTO et al.

(Circuit Court of Appeals, Ninth Circuit. June 8, 1925.)

No. 4509.

New trial ⊕⟶76(2)—Verdict for services held so excessive as to require new trial.

A verdict awarding to an ordinary miner approximately $6,500 for services rendered during one year to party to litigation in acting as interpreter, consulting lawyers, etc., which required only a part of his time and no professional or peculiar skill, *held* so excessive as to require a new trial.

In Error to the District Court of the United States for the Territory of Alaska, Division No. 1; Thomas M. Reed, Judge.

Action at law by E. L. Cobb, as trustee for John Tuppela, against Henry Lepisto and others. Judgment for defendant Lepisto on counterclaim, and plaintiff brings error. Reversed and remanded, with instructions, unless release filed.

James Wickersham, of Juneau, Alaska, for plaintiff in error.

J. A. Hellenthal and S. Hellenthal, both of Juneau, Alaska, for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge.. The defendant in error Lepisto brought suit in the District Court for the District of Alaska against the plaintiffs in error Tuppela and Cobb, as his trustee, and against the Chichagoff Mining Company, to restrain the latter from paying over to Cobb, as trustee, the sum of $75,000 at the Bank of California, in the city of Seattle, in accordance with the terms and conditions of an agreement theretofore entered into between Cobb, as trustee, and the mining company. A temporary injunction was granted, and Lepisto executed·a bond, with Wicklander and Lagergren as sureties, conditioned to save the defendants in that suit harmless because of the injunction, and to protect them against loss or damage, or any expense arising out of the cost of exchange or other similar costs, if the restraining order should appear to have been granted illegally or without sufficient cause. Thereafter the injunction suit was dismissed for want of equity and the injunction dissolved.

Cobb, as trustee, then brought the present action against Lepisto and the sureties to recover damages for breach of the conditions of the injunction bond. As a counterclaim the defendant Lepisto averred:

"That between the 20th day of December, 1918, and the 20th day of December, 1919, the defendant Henry Lepisto performed services for, and rendered assistance to, John Tuppela at the special instance and request of said John Tuppela, which services and assistance were reasonably worth the sum of $25,000, for which the said John Tuppela agreed to pay the defendant Henry Lepisto their reasonable value, which said services consisted of services rendered in connection with the case of John Tuppela v. Chichagoff Mining Company, referred to in the complaint, consisting particularly in providing the defendant Tuppela with room and board, studying the facts on which said Tuppela based his right of recovery against the Chichagoff Mining Company, and explaining said facts, as well as interpreting for said John Tuppela, and using his personal influence and standing in the community in procuring an attorney or attorneys in handling said case aforesaid, and assisting said attorneys

6 F.(2d)—9

in connection with said litigation and assisting said Tuppela by paying for his laundry and advancing him small sums from time to time."

Upon the trial the court instructed the jury that the plaintiff was entitled to recover, as damages, interest at the rate of 8 per cent. per annum on the sum of $75,000 from January 2, 1921, to March 1, 1921, and from March 10, 1921, to April 9, 1921, together with the additional item of $25 for reporting the testimony given on the hearing of the motion to dissolve the temporary restraining order and submitted to the jury, under proper instructions, the cause of action in favor of the defendant Lepisto on his counterclaim. The jury returned a verdict in favor of Lepisto on the counterclaim in the sum of $4,975. The plaintiff in error moved for a new trial on the ground that excessive damages were allowed under the influence of passion or prejudice, but the motion was denied. The present writ of error was thereupon sued out.

The only assignment of error we deem it necessary to consider is that based on the ruling of the court refusing a new trial. Under the charge of the court the plaintiff in error was entitled to a verdict in the sum of approximately $1,500 on the cause of action set forth in the complaint, and if we add to this the verdict in favor of the defendant in error Lepisto in the sum of $4,975, the result is an allowance of approximately $6,500 for services rendered during the period of a year by an ordinary laborer, who was engaged during the greater part of the time in carrying on his usual occupation of mining. We have no hesitation in saying that such a verdict is grossly excessive, and that the refusal of the court to grant a new trial was such an abuse of discretion as is reviewable by this court on writ of error.

The defendant in error Lepisto made some arrangements for board and lodging for Tuppela, but without cost or expense to himself, and likewise acted as interpreter, consulted lawyers, etc. He testified that the reasonable value of the services thus rendered was the sum of $1,000, based on ordinary wages for unskilled labor. His cross-examination shows that his estimate was most liberal in that regard. True, he further testified that the reasonable value of his services, considering the kind of services rendered was $10,000; but it is apparent that this estimate was based on an erroneous view as to the kind and character of the services. None of the services rendered required any professional or peculiar skill for their perform-

ance, and to allow a common miner such a sum for giving aid and comfort to a fellow miner in distress should not be sustained. The fact that Tuppela may have been successful in his litigation over mining property is no sufficient reason for compelling him to share his good fortune with those who may have befriended him in his adversity. After a full consideration of all the testimony we are convinced that an allowance to the defendant in error Lepisto sufficient to offset the claim for damages on the injunction bond would be liberal in the extreme, and that a verdict for a greater amount should not be permitted to stand.

The judgment is therefore reversed, and the case is remanded to the court below, with instructions to award a new trial, unless within 30 days from the filing of the mandate with the clerk of the court below the defendant in error Lepisto shall file with the clerk of that court a release and satisfaction of the judgment in his favor. Costs to the plaintiff in error here.