## B. BLUETHENHAL Co. *v.* McDOUGAL.

(Division B. April 25, 1932. Suggestion of Error overruled May 23. 1932.)

[141 So. 291. No. 29970.]

(Division B. May 23, 1932.)

[142 So. 13. No. 29970.]

J. A. Cunningham and J. E. Cunningham, of Boone-ville, for appellant.

J. E. Friday and E. K. Windham, both of Booneville, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed his bill in the chancery court of Prentiss county against appellant, a nonresident corporation of Wilmington, N. C., for damages for the breach of a contract of employment by the appellant theretofore entered into by the parties. The bill was for a foreign attachment in chancery based on the ground that appellant was a nonresident of the state and had debtors in Prentiss county subject to the jurisdiction of the court; the debtors were made garnishee defendants. Appellant appeared and answered the bill, denying its material allegations. The cause was heard on the bill, answers, and

proofs, resulting in a decree in appellee's favor in the sum of eight hundred thirty-four dollars and fifty-six cents, from which decree appellant prosecutes this appeal.

Appellant is a corporation organized under the laws of the state of North Carolina, with its place of business at Wilmington in that state, and was engaged in the wholesale of general work clothing during the years 1929 and 1930 and at the time of the trial of this cause. In September, 1929, appellant employed appellee as its traveling salesman for its line of clothing in this state for a period of one year, beginning October 1st of that year. Under the terms of the contract appellee was to be appellant's exclusive representative in this state for the period of his employment. Appellee was to pay his own traveling expenses, and his compensation was to be certain commissions on all goods sold to the trade. Appellee was to receive no fixed salary whatever; his compensation was based exclusively on commissions. Appellee traveled the state under his contract until the latter part of December, 1929, when he was discharged by appellant. Appellant denied that it had employed appellee for any fixed time, but the chancellor found as a fact, and was justified by the evidence in so finding, that he was employed for a year beginning the 1st of October, 1929, and that appellant, without any legal right, breached the contract. Appellant, after discharging appellee, employed one Beard to take appellee's place as its traveling salesman in this state. Beard was employed on the same terms as appellant was employed, except his year began the 1st of January, 1930. Beard's gross commissions for the balance of the period for which appellee was employed were eight hundred thirty-four dollars and fifty-six cents. Appellee contended that that amount was the measure of his damages for the breach by appellant of his contract of employment, and the chancellor so held

and rendered a decree in appellee's favor for that amount.

The evidence showed without conflict that eight hundred thirty-four dollars and fifty-six cents was Beard's gross commissions for the balance of the period for which appellee was employed; that appellant advanced to Beard during that period for traveling expenses the sum of two thousand eight hundred seventy-five dollars; and that his commissions amounting to eight hundred thirty-four dollars and fifty-six cents taken from that left a balance due appellant by Beard of two thousand forty dollars and forty-four cents. In other words, that Beard, for the period mentioned, instead of making eight hundred thirty-four dollars and fifty-six cents, lost two thousand forty dollars and forty-four cents. According to appellee's own testimony his traveling expenses were fifty-two dollars and fifty cents per week. It is apparent therefore that the court in rendering the decree in this case adopted as appellee's measure of damages the gross commissions which he would probably have earned for the balance of the period of his employment if the contract had not been breached by the appellant.

Appellee seeks to justify the decree of the court by the decision in the case of Brach v. Stewart, 139 Miss. 818, 104 So. 162, 163, 41 A. L. R. 1172. Appellee assumes that the measure of damages approved in that case was the amount of the gross commissions of the invading salesmen who took Stewart's place. There is nothing in the opinion of the court to justify that position. It is true that the opinion states that the measure of damages was the amount of the commissions earned by the invading salesmen, but nowhere is it stated that gross commissions were meant instead of net commissions. On the contrary, the court in laying down the governing principles excluded the idea that the measure of damages was the amount of the gross commissions instead of the net commissions. This language is used in the opinion:

"The measure of appellee's damages for the breach of his contract is the amount of commission of which appellee is deprived on account of sales made by the appellant in the invaded territory." And the court quoted with approval from the California case referred to in the opinion, in which the California court held that the measure of damages was the profits of which the plaintiff was deprived by the sales made through the invading salesmen. The briefs of counsel in the Brach-Stewart Case do not discuss this question, nor is there statement in the opinion of the court as to whether gross commissions were proven or net commissions. We assume, therefore, that the damages proven in that case were the net commissions of the invading salesmen instead of the gross commissions, and if that be not true still the decision is not a precedent for appellee's position, because the point was neither made nor decided in that case.

It is elementary that where actual damages alone are sought to be recovered for an injury full compensation is the measure. In this case appellee has recovered a judgment for eight hundred thirty-four dollars and fifty-six cents, notwithstanding the evidence showed without dispute that if his contract had not been breached by appellant he would have lost instead of made money. However, a final decree should not be rendered here in the case, because under the law, although appellee may have suffered no actual damages, he was entitled to recover at least nominal damages for the breach of his contract.

Reversed and remanded.

ON SUGGESTION OF ERROR.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

It is earnestly insisted that the original opinion is wrong in holding that, in determining the amount of damages to which the appellee is entitled for breach of a

contract, the amount that would be necessary to be expended in making sales should be deducted from the commissions contracted for.

We think, under the facts in this case, that the appellee would necessarily have to expend considerable sums in earning the commissions. The appellant was not to pay his expenses in so carrying out the contract.

It is a fundamental rule that, in a suit for damages for breach of a contract the plaintiff is to be compensated only for the profits he would have made had he been permitted to complete the contract. His commissions would represent the total earnings under the contract, and, as he would have to expend considerable money of his own in carrying out the contract, he would only be damaged the difference between the commissions and the expenses necessary to be incurred in earning them. That is the only profit that he was entitled to. "Profits" are defined by Black in his Dictionary as, "The advance in the price of goods sold beyond the cost of purchase. The gain made by the sale of produce or manufactures, after deducting the value of the labor, materials, rents and all expenses, together with the interest of the capital employed"—citing authorities.

Definitions of like effect are to be found in Words and Phrases, defining the word "profits."

We think these views are sustained in Birdsong v. Ellis, 62 Miss. 418, and Beach v. Johnson, 102 Miss. 419, 59 So. 800, Ann. Cas. 1914D, 33, and the authorities contained in these decisions.

Brach & Son v. Stewart, 139 Miss. 818, 104 So. 162, so much relied on by appellee, is annotated in 41 A. L. R. at page 1172. Manifestly the annotator did not understand the decision to mean what appellee contends it does. At page 1183, under the caption, "Deduction of expense of selling; recovery of expense of advertising before breach," the following language is used by the annotator, and authorities cited:

"It seems that upon the breach of such exclusive agency contracts as are considered in this annotation, the agent is not entitled to recover the full amount of commissions that he might have earned in the territory assigned; reduction must be made for the amount of expense which would be necessarily incurred in selling the goods, and also, in case he was not required to devote his time exclusively to selling, for the value of his time released for other employment. Burghardt v. Scioto Sign Co. (1920), 191 Iowa, 384, 179 N. W. 77, and Huntington v. Jacob Haish Co. (1921), 190 Iowa, 1197, 181 N. W. 480. See, also, Rice v. Caudle (1883), 71 Ga. 605.

"So as the measure of recovery for the loss of profits is the amount of profits which the agent would have made under the contract, and not the amount of commission lost, damages for the breach will not be allowed in the absence of evidence as to the cost of obtaining orders, including the cost of transportation, hotel bills, and other necessary expenditures, or of the value of the plaintiff's own time as an experienced and successful sales agent, since, in the absence of any evidence on these points, any estimate or finding of damages is little better than a guess. Burghardt v. Scioto Sign Co. (Iowa), supra.

"And it was held in Rice v. Caudle (Ga.), supra, that, in a suit for compensation growing out of the breach of a contract giving the plaintiff the exclusive right to sell certain goods in a designated territory, in violation of which others were employed to do the work without his consent, the measure of damages would be the profits of the enterprise, after deducting the legitimate and actual cost of its execution."

We do not understand that there are any cases referred to in the annotations that hold to the contrary.

If the appellant had been under contract to pay the expenses of the appellee during the course of his employment, of course the expenses would not be counted

against the commissioners, as that would be a part of his compensation under the contract.

In 18 R. C. L. 523, title "Master and Servant," section 34, quoting from the suggestion of error, it is said that: "Broadly speaking, the employee is entitled to recover the actul loss or damage sustained by him on account of the employer's breach of the contract. . . . Where a contract of employment is such that the employer assumes the payment of the personal expenses of the employee while engaged in its performance, the employee, upon being wrongfully discharged and thus compelled to pay such expenses himself, is entitled to be reimbursed as to this injury, as well as to any other loss resulting from the discharge."

It necessarily follows as a corollary that, where an employee is to pay the expenses in earning commissions, these expenses must be deducted in order to determine whether he has been damaged or not, and the extent of his damages.

It is difficult to see how he could be damaged the total amount of the commissions, when he would necessarily have had to expend considerable money to earn them. Much depends upon the character of the employment and the terms under the contract; but we think the authorities of this state fully sustain these views.

The suggestion of error will therefore be overruled.

Suggestion of error overruled.