## LALLEY v. ESCOETT.

### No. 8719.

United States Court of Appeals
District of Columbia.

Argued Dec. 5, 1944.

Decided Jan. 8, 1945.

Mr. Camden R. McAtee, of Washington, D. C., with whom Mr. Robert A. Littleton, of Washington, D. C., was on the brief, for appellant.

Messrs. Jacob N. Halper and Harlan Wood, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

This is an appeal from a judgment awarding the appellee (plaintiff below) $10,620.08. $8,233.93 of said judgment was for services as a tax consultant and Certified Public Accountant. The balance was for money advanced and no question as to that portion of the judgment is raised on this appeal.

Appellee is a man of experience in tax matters and is registered and practicing before the United States Treasury Department. He was continuously employed by the appellant from 1936 to 1942, during which time no bill was rendered or any basis for compensation arrived at. In his original complaint appellee alleged his services were of the reasonable value of $6,000.00 and a witness so testified at the trial. When the court awarded him $8,233.93 he amended his complaint to cover the larger amount.

Appellant first contends that the statute of limitations has run on a large part of this account for services rendered. No evidence is in the record to support this contention. The services were clearly of a continuing and overlapping character. There was no fixed termination of any particular service rendered by appellee. No bill was rendered until the termination of the employment in 1942 when power of attorney was revoked. The statute of limitations, therefore, did not begin to run until that date. Williston, Contracts (1938), § 2029.

Appellant's second ground for reversal is that the evidence does not support the amount awarded by the court. There is clearly sufficient evidence to support a finding that the value of services was the amount claimed by appellee, to wit: the sum of $6,000.00. The larger sum was awarded by the court on the theory that appellee was entitled to twenty-five per cent. of the amount of taxes saved by his efforts. No evidence is in the record to support such a large amount. The amount saved is one of the considerations in de-

termining the value of services of a tax consultant but it cannot be the sole element. We hold, therefore, that the trial court erred in fixing the amount at $8,-233.93.

Since the evidence clearly supports an award of $6,000.00 for services the judgment of the lower court will be affirmed provided appellee within ten days hereof files with the Clerk of this court a remittitur in the sum of $2,233.93; otherwise the said judgment shall be reversed and the cause remanded for further proceedings not inconsistent with the opinion of this court.

Affirmed.