**BOYLE et al. v. BOND.**

**No. 10642.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1950.

Decided Feb. 8, 1951.

Lowry N. Coe, Washington, D. C., with whom Irving Wilner, Washington, D. C., was on the brief, for appellants.

J. Robert Carey, Washington, D. C., with whom Michael F. Keogh and John F. Costello, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PROCTOR and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment for $15,-000, entered upon a verdict in favor of appellee (plaintiff) in a suit against appellants (defendants) for (1) damages for breach of a contract granting plaintiff an exclusive agency in the Washington area to sell defendants' metal awnings and (2) commissions earned before the breach.

Appellants moved for a new trial, attacking the verdict as grossly excessive. The motion was denied. The attack is renewed here upon the judgment, with the contention that a large portion of the award is unsupported by any substantial evidence. We find that to be true.

The claim for commissions due was susceptible of and required proof of a definite amount. As for damages, they could be proven with a fair degree of certainty by evidence of sales made by defendants in the territory between the date of the breach and the expiration date of the agency, for during that period defendants did take over and promote the market within the area. At all events, that was the method plaintiff adopted and relied upon in carrying his burden to establish damage, that is, probable loss of profits, with reasonable certainty. Brach & Son v. Stewart, 1925, 139 Miss. 818, 104 So. 162, 41 A.L.R. 1172; Yaguda v. Motion Picture Publications, 1934, 140 Cal.App. 195, 35 P.2d 162; Restatement, Contracts, § 331(1), comment e and illustration 9 (1932). Cf. Transit Bus Sales v. Kalamazoo Coaches, 6 Cir., 1944, 145 F.2d 804; Baumer v. Franklin County Distilling Co., 6 Cir., 1943, 135 F.2d 384, certiorari denied, 1943, 320 U.S. 750, 64 S.Ct. 54, 88 L.Ed. 446. Moreover proof of such nature adduced by him is the only

substantial evidence supporting his claim for damages.

In analyzing appellee's evidence in its most favorable light, we get these results:

Commissions earned before April 1, 1948, date of breach, $2,127.13.[1] Probable earnings (lost profits or damages) for unexpired period to June 30, 1939, $14,063.81.[2] From this sum must be deducted $1,500, total of probable expenses at $100 per month, estimated by plaintiff, for conducting the agency for said period. There must also be deducted $6,500 in mitigation of damages. These were profits admittedly made by plaintiff during said unexpired period in carrying on an agency in Florida obtained immediately after breach of the Washington contract.[3] Setting off these last two items, totaling $8,000, against the lost earnings of $14,063.81, under the Washington contract, reduces the actual, or net, loss of income to $6,063.81. Adding to this the commissions of $2,127.13, earned before the breach, gives a grand total of $8,190.94 as the maximum recovery that the evidence will support. Yet the judgment, entered upon the verdict, exceeds this possible recovery by $6,809.06. Obviously it is grossly excessive and the verdict should not be allowed to stand for the sum returned.

The record reveals some incompetent and irrelevant evidence and some uncertainty in jury instructions which are also attacked in this court, but in view of the failure to make proper objections in the trial court concerning those matters we do not review them.

However, the verdict, unsupported in large part by the evidence, has resulted in a grossly excessive judgment, which, in justice, cannot stand. Although the record reveals a fair and impartial attitude by the presiding judge, in denying the motion for a new trial there was a failure to recognize the great disparity between the proof and the jury's award, which, technically, constituted an abuse of discretion amounting to an error of law. Virginian Ry. Co. v. Armentrout, 4 Cir., 1948, 166 F.2d 400; Cobb v. Lepisto, 9 Cir., 1925, 6 F.2d 128. See also comment of Judge Augustus Hand in Pettingill v. Fuller, 2 Cir., 1939, 107 F.2d 933, certiorari denied, 1940, 309 U.S. 669, 60 S.Ct. 609, 84 L.Ed. 1015. Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439, and Washington Times Co. v. Bonner, 1936, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393, do not apply, for in those cases no abuse of discretion was found.

The judgment will stand reversed and the cause remanded for a new trial unless the appellee prefers to settle the matter by filing a remittitur within ten days in this court for $6,809.06, in which event the judgment will stand affirmed. 28 U.S.C.A. § 2106 (1948); Texas Co. v. Christian, 5 Cir., 1949, 177 F.2d 759; United States v. Certain Parcels of Land, 5 Cir., 1945, 149 F.2d 81; Lalley v. Escoett, 1945, 79 U.S. App.D.C. 306, 146 F.2d 667; A. S. Abell Co. v. Ingham, 1915, 43 App.D.C. 582.

So ordered.

1. This is for the territory claimed by plaintiff,—much larger than that contended for by defendants.

2. Of this sum, $1,040.61 relates to sales referred to by plaintiff as "questionable."
   Plaintiff contended that he should be allowed some preparatory expenses in connection with the Washington agency. However, we think that they were nothing more than ordinary expenses in conducting the business prior to the breach.

3. The plaintiff contends that $2,000 paid in purchase of the Florida franchise should be set off as an expense against the Florida earnings of $6,500, but the purchase was in the nature of a capital investment and as there was no proof of any decrease in the value of the franchise there is no basis for any deduction.
   We need not consider whether some deduction from the Florida earnings should be made on the theory that they resulted *partly* from the investment of $2,000, for this question was not raised by appellee.