**Richard Henry MILLS, Appellant,**

v.

**Irvin M. LEVINE, Appellee.**

**No. 12735.**

United States Court of Appeals
*District of Columbia Circuit.*

Argued Feb. 14, 1956.

Decided March 22, 1956.

Petition for Rehearing Denied
June 8, 1956.

Mr. Emmett Leo Sheehan, Washington, D. C., with whom Mr. Landon G. Dowdey, Washington, D. C., was on the brief, for appellant.

Mr. Samuel Z. Goldman, Washington, D. C., with whom Mr. Joseph D. Bulman, Washington, D. C., was on the brief, for appellee.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The case is one for malicious prosecution. Appellant secured a judgment in the Municipal Court for $7,500 plus interest and costs, which was reversed by the Municipal Court of Appeals on the ground that the damages awarded were excessive. 114 A.2d 546.

■ We think the reversal was error to the extent that the judgment of the Municipal Court was based on the verdict of the jury for compensatory damages in the sum of $5,000. In so deciding we do not find it necessary to consider the contention of the appellant that the Seventh Amendment to the Constitution of the United States barred the Municipal Court of Appeals from ruling that the verdict was excessive; for in our view the verdict awarding compensatory damages in the sum stated was sufficiently supported by the evidence. Neese v. Southern Ry. Co., 350 U.S. 77, 76 S.Ct. 131; Hulett v. Brinson, 97 U.S. App.D.C. 139, 229 F.2d 22.

■ Insofar as the judgment of the Municipal Court of Appeals reversed the judgment of the Municipal Court for $2,500 punitive damages, we shall affirm. Our reason, however, is somewhat different from that assigned by the Municipal Court of Appeals. In our view the evidence was not of the character required to justify any punitive damages. In an action for malicious prosecution such damages may be awarded only if the evidence shows that the prosecution was a wilfull, wanton, or oppressive act, or one accompanied with such malice as *implies a spirit of mischievousness or criminal indifference to civil obligations.* Woodward v. Ragland, 5 App.D.C. 220. See, also, Chesapeake & Potomac Tel. Co. v. Clay, 90 U.S.App.D.C. 206, 194 F.2d 888. Here the evidence did not reach this degree of proof, and no constitution-

al question is involved in so concluding and in setting aside the judgment because not supported by the evidence.

A judgment of this court shall be entered in conformity with the foregoing, but our remand shall permit the Municipal Court of Appeals to rule upon other points on the appeal to it which have not been adjudicated.

It is so ordered.