Irvin M. LEVINE, Appellant,

v.

Richard Henry MILLS, Appellee.

No. 1607.

Municipal Court of Appeals for the District of Columbia.

Nov. 13, 1956.

Joseph D. Bulman and Samuel Z. Goldman, Washington, D. C., for appellant.

Emmett Leo Sheehan and Landon G. Dowdey, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges; and CAYTON (Chief Judge, Re-

tired) sitting by designation under Code, § 11–776(b).

## PER·CURIAM.

When this case was here before we reversed the judgment of the Municipal Court, and held (Judge Hood dissenting) that the verdict of the jury awarding $5,000 for compensatory damages and $2,500 for punitive damages, was excessive. Levine v. Mills, D.C.Mun.App., 114 A.2d 546

The United States Court of Appeals reversed our decision as to compensatory damages, and affirmed· as to punitive damages, holding that "the evidence was not of the character required to justify any punitive damages." Mills v. Levine, D.C.Cir., 233 F.2d 16, certiorari denied October 8, 1956, 352 U.S. 858, 77 S.Ct. 86.

█ The opinion concluded "our remand shall permit the Municipal Court of Appeals to rule upon other points on the appeal to it which have not been adjudicated."

Pursuant to that language of remand we have again examined the record and briefs which were before us at the time of our decision. Among the grounds urged for reversal were the question of a severance of this case from an assault case brought by defendant (Levine) against plaintiff (Mills); certain questions of evidence; and refusal of requested jury instructions.

Though this court was divided as to the excessiveness of the verdict, we were unanimous in our view that appellant was not entitled to a reversal on any other ground. Reviewing the case again, we are of the same opinion.

Accordingly, and in conformity with the judgment and opinion of the United States Court of Appeals, we now order that the case be remanded to the Municipal Court, with instructions to enter judgment in favor of plaintiff for $5,000.

█ We adopt the method used by the United States Court of Appeals in taxing costs, and order that two-thirds of the taxable costs in this court be charged against Irvin Levine, appellant herein.

It is so ordered.