TENNECO CHEMICALS, INC., Appellant,

v.

GULF NAVAL STORES COMPANY et al., Appellees.

GULF NAVAL STORES COMPANY et al., Appellants,

v.

TENNECO CHEMICALS, INC., Appellee.

No. 24274.

United States Court of Appeals Fifth Circuit.

Jan. 18, 1968.

---

Ben H. Stone, James S. Eaton, Eaton, Cottrell, Galloway & Lang, Gulfport, Miss., for appellants.

George E. Morse, Morse & Morse, Gulfport, Miss., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

MARIS, Circuit Judge:

The litigation now before us is of long standing. The complaint, filed by plaintiff's predecessor, Heyden Newport Chemical Corporation, alleged that by a letter-agreement dated September 22, 1947, written by the plaintiff's then predecessor, Newport Industries, Inc., to the Wood Naval Stores Export Association and accepted by the Association and its six individual members, including the defendant partnership, as then constituted,[1] the plaintiff was designated, until May 15, 1957, as the sole and exclusive agent of the Association and its members for the sale in the foreign market of wood rosins, steam distilled wood turpentine, steam distilled pineoil and dipentine, collectively described in the agreement as wood naval stores. The Association had been formed for the purpose of engaging in export trade in wood naval stores; the defendant was engaged in the production, manufacture, and sale of such products. The complaint charged that, in violation of the terms of the letter-agreement and of the articles of association of the Wood Naval Stores Export Association, the defendant sold large quantities of wood naval stores in export trade through sales agents other than plaintiff's predecessor, Newport Industries, Inc., thereby depriving plaintiff and its predecessor of commissions on such sales. The plaintiff demanded an accounting of all sales of wood naval stores by the defendant in export trade since September 22, 1947 through agents other than the plaintiff and sought a judgment in an amount equal to the applicable percentage of commissions provided for in the letter-agreement.

After the entry of summary judgment for the plaintiff which the district court subsequently set aside, the case was tried to the court without a jury. The district court found that the defendant had breached the letter-agreement as alleged but that the plaintiff had failed to prove the amount of its damages. The court found, however, that some actual damages had in all probability been suffered by the plaintiff and it awarded $7,500.00 to the plaintiff on this account. Judgment was accordingly entered in favor of the plaintiff for that amount with interest and costs. From the judgment thus entered appeals were taken by both plaintiff and defendants. On these appeals the plaintiff contends that it proved its damages to be $263,503.81 and that the award to it should have been in that amount, while the defendants urge that no actual damages were proved by the plaintiff and that the award should have been of nominal damages only. The defendants do not here attack the finding against them of liability for their breach of contract.

In its opinion directing the entry of judgment in this case the district court said:

"The record shows without dispute that these defendants did sell naval stores in large quantities to foreign markets throughout the intervening years in violation of this contract. The rate of commission due under the contract is not certain under the circumstances and is sought to be established by averaging it out. The plaintiff claims a large commission on all sales admittedly made and which were probably made by the defendants in breaching this contract. The defendants de-

---

* Of the Third Circuit, sitting by designation.

1. The partnership was later reorganized with different partners who continued to function under the same partnership name.

nied liability and denied owing any damages for any breach of that contract. No witness for the plaintiff said that any one of these Delaware corporations since 1950 could have sold and would have sold such products of the defendants if they had been made available at the time. If it be assumed that they would have done so, there is nothing in this record to show this Court what profits they lost and were deprived of making by reason of such breach of said contract. Surely, the sales agent has office expenses, traveling expenses, telephone bills, salaries, taxes and the like which would have vastly reduced its demand. Those facts were peculiarly within the knowledge of the plaintiff but were not divulged to the Court in spite of the fact that the plaintiff has the burden to establish its claim as to liability and as to damage by the greater weight of the more convincing evidence. The oral testimony presented to the Court in this case was very brief and not very informative. This litigation must thus be resolved upon this record as made. The plaintiff erroneously relies upon a misunderstanding of the rule as to measure of damages for breach of contract as announced in Brach & Son v. Stewart [1925, 139 Miss. 818] 104 So. 162 [41 A.L.R. 1172]. Any misconception of that decision is allayed by a further elaboration of the Court in B. Blüethenthal Co. v. McDougal [1932, 163 Miss. 406] 142 So. 13. The defendants insist that only nominal damages are allowable under such circumstances, if any damages at all are to be awarded. The fact that no rule or guide has been furnished to the Court for fixation of damages does not necessarily mean that no damages should be awarded. It is apparent to the Court that in all reasonable probability some actual damages through these years were suffered by the chain command of these corporate entities. Under all of the facts and fair and reasonable inferences deducible from such facts, this Court is of the opinion that a fair and equitable and just award of damages under the circumstances would be seventy-five hundred dollars. That amount will be awarded the last named plaintiff in this case with 6% interest thereon after date of judgment and all costs as a full and proper award for the entire claim in suit."

Our examination of the record fully satisfies us that the district court did not err in the foregoing findings and conclusions. It will serve no useful purpose to discuss the evidence in detail. Clearly the plaintiff wholly failed to prove the actual amount of its damages. Equally clearly the plaintiff did suffer some damage as the result of the defendants' breach of contract for which it is entitled to some compensation, at the very least nominal damages. The award of $7,500.00 on an asserted claim of over a quarter of a million dollars is little, if any, more than nominal. In any event, it represents the considered judgment of the trial judge at the termination of this protracted litigation and we are not disposed to disturb it.

Affirmed.