**Jorier Haught YOST, Appellant,**

**v.**

**Theta E. SAUTER et al., Appellees.**

**No. 20057.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 25, 1966.

Decided April 3, 1969.

---

Mr. Bond L. Holford, Brentwood, Md., was on the brief for appellant. Messrs. Donald J. Caulfield and Sherman L. Cohn, Washington, D. C., also entered appearances for appellant.

Messrs. John L. Laskey and Ernest L. Ruffner, Washington, D. C., were on the brief for appellee Sauter.

Before DANAHER*, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

■ When this appeal was first before us, we remanded to the District Court

for a memorandum on the reasons for denying the motion for remittitur filed by defendant-appellant.[1] Our prior opinion is attached in the Appendix. We were concerned that although plaintiff's counsel had not been guilty of any misconduct his action in resisting the remittitur enabled him to take advantage of the misconduct by defendant-appellee, which operated to the prejudice of defendant-appellant, a detriment indicated by the size of the verdict against appellant. We asked for a memorandum in view of the possibility that the denial of appellant's motion was based on considerations not brought to our attention by the parties. We noted that the District Court was free to enter an order granting a new trial unless plaintiff consented to a remittitur. We also said that if the court entered such an order and plaintiff did not agree to the remittitur this court, which retained jurisdiction, would stand ready to vacate the judgment obtained by plaintiff.

■ We further advised that the parties could of course settle the case. It is not amiss, we trust, to indicate that we dared hope for a settlement. While appellate courts do not engage in settlement conferences in the same way as a trial judge, we think there are instances where an appellate disposition in the interest of justice may properly flag areas of concern in such a way that the parties are enabled thereby to achieve a reasonable and realistic settlement of their dispute rather than litigate it to the bitter end.

A satisfactory result has materialized. The District Judge has, on reconsideration, provided a remittitur, which plaintiff has accepted. The judgment of the District Court entered on that basis is

Affirmed.

---

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

1. Technically a motion that a new trial be granted unless plaintiff consented to a re-

mittitur. See Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603 (1935).

APPENDIX

OPINION OF APRIL 10, 1967
[Not Previously Published]

PER CURIAM:

Without review of the facts and contentions in detail, the court observes that it has become seriously concerned, if not convinced, that the actions of counsel for defendant Wells constituted misconduct operating to the disadvantage of defendant Yost, and that the instruction to the jury did not suffice to take the sting out of the actions of said counsel for Wells. The judgment of plaintiff Sauter has become final against defendant Wells, who did not appeal.

We also have for consideration whether the interest of justice would be served by a ruling that there was prejudice to the point of reversible error, particularly since the consequence of reversal would be visited on plaintiff Sauter, whose counsel was not responsible for the misconduct.

Our attention has come to focus on the motion of defendant Yost in seeking remittitur.[1] On the one hand the considerable size of the verdict would seem to be an indication that the misconduct of Wells was indeed prejudicial to Yost. On the other hand, plaintiff, though not responsible for the misconduct, seems willing to accept the fruits thereof at least to the extent of resisting the remittitur. However, the denial of Yost's motion, which was of course unaccompanied by an opinion, may involve considerations not called to our attention.

We think it in the interest of justice to defer ruling on the prayer of Yost for reversal and new trial pending further enlightenment. Accordingly we are remanding to the District Court for a memorandum on the denial of Yost's so-called "motion for remittitur." That memorandum will be duly transmitted to this court as a supplement to the record.

We wish to make it expressly clear that the District Court is free to determine upon further reflection that the case is one in which a new trial should be granted unless plaintiff consents to a remittitur. In that event if plaintiff agrees thereto, this court will affirm on condition of remittitur;[2] if plaintiff disagrees this court will, on application, vacate the judgment and remand for further proceedings. If the parties settle the case they may, of course, present an order for dismissal of the appeal.

So ordered.

---

1. The "motion for remittitur" prayed the court to enter judgment for defendant notwithstanding the verdict, or to grant a new trial or to order a remittitur.

Technically, of course, the District Court could not order a remittitur, but it could condition the denial of a new trial on plaintiff's consent to a remittitur. See

Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603 (1935).

2. Washington & Georgetown R. R. Co. v. Harmon's Administrator, 147 U.S. 571, 590, 13 S.Ct. 557, 37 L.Ed. 284 (1893) ; Lalley v. Escoett, 79 U.S.App.D.C. 306, 146 F.2d 667 (1945).