**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**Frances E. FREEMAN, Appellee.**

**No. 8128.**

District of Columbia Court of Appeals.

Argued Sept. 24, 1974.

Decided Feb. 18, 1975.

David L. Hilton, Washington, D.C., for appellant.

J. E. Wingfield, Washington, D.C., for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

PER CURIAM:

Appellee, while in her auto awaiting the change of a traffic light at an intersection in Wheaton, was struck from the rear by appellant's bus. The trial court, after testimony concerning the accident was presented to the jury, directed a verdict in her favor on the issue of negligence. Appellant does not now challenge this action, but rather argues on appeal that the jury's award of damages in the amount of $20,000 was excessive upon all the evidence, including proof that her total out-of-pocket loss had been approximately $2,500. Accordingly, appellant urges that the trial court abused its discretion in denying the post-trial motion for either a remittitur or a new trial.

It is well established that this court is empowered to review and overturn a trial court's denial of a motion for remittitur or new trial on the ground of excessiveness of the verdict. May Dept. Stores Co., Inc. v. Devercelli, D.C.App., 314 A.2d 767, 775 (1973); All Weather Storm Windows, Inc. v. Zahn, D.C.Mun.App., 112 A.2d 496 (1955). We may intercede, however, only when the verdict rendered is grossly excessive so as to demonstrate a

clear abuse of discretion on the part of the trial court in allowing it to stand.[1] *See* Evening Star Newspaper Co. v. Gray, D. C.Mun.App., 179 A.2d 377, 383 (1962); Levine v. Mills, D.C.Mun.App., 114 A.2d 546, 551 (1955) (dissenting opinion).

■ The following evidence presented by appellee concerning the nature and effect of the injury she suffered appears in the record and must be viewed in a light most favorable to her:

The impact of appellant's bus striking appellee's car was so severe as to knock loose the car's front seat and send her hairpiece off her head and into the backseat; she suffered pain in her lower back continually from the date of accident, November 1971, through the date of trial, October 1973; she received therapy treatment for sprained muscles in her neck and back from one doctor on 27 occasions; an orthopedic surgeon who examined her a few weeks after the accident found strained muscles in her lower back, which a patient cannot "too easily" simulate, prescribed a back brace for her comfort, and, when he examined her a year later on two separate occasions, opined that (1) she had the "residual" of a "lumbar strain" and (2) she will have "some difficulty" in the future; and appellee testified, without challenge, that she was no longer able to work as a silk-finisher (one of two jobs she held and from which she derived income at the time of the accident) because she could not stand for the period of time such work required.

We cannot say that upon this evidence the jury's verdict was grossly excessive so as to enable us to say that the trial court as a matter of law erred in refusing to order remittitur or a new trial.

Affirmed.

---

1. Were we persuaded that the trial court erred in refusing to order remittitur, the remedy would appear to be a new trial rather than for this court to order remittitur of a certain amount. Levine v. Mills, D.C.Mun.App., 114 A.2d 546, 549–50 (1955), rev'd on other grounds, Mills v. Levine, 98 U.S.App.D.C. 137, 233 F.2d 16 (1956). *Compare* Boyle v. Bond, 88 U.S.App.D.C. 178, 187 F.2d 362 (1951), where the Circuit Court afforded one of the parties an opportunity to file a remittitur of a certain amount; however, the suit was for breach of contract and commissions earned which were "susceptible of and required proof of a definite amount." *See* 6A J. Moore, Federal Practice ¶ 59.08 [6], at 192 (2d ed. 1953).