## MARY REID, Respondent, v. FRED EHR, Appellant.

(6 A.L.R. 586, 174 N. W. 71.)

**Damages — personal injuries — judgment — evidence.**

1. An action was brought by plaintiff to recover damages by reason of certain injuries suffered and sustained to her person by reason of a dangerous charge and current of electricity passing into and upon her body when she turned on an electric light in a room of a hotel operated by the defendant, which room was being occupied by her as a guest and patron of the hotel. She recovered a verdict for $3,625. She had in a former trial recovered a verdict for $2,800. It is *held* that the judgment appealed from in this case is well sustained by the evidence.

**Damages — degree of care required by operators of a hotel — liability to guest.**

2. The owner or operator of a hotel lighted by electricity must use ordinary care to provide safe electric lights and appliances which are intended for use by the guests and patrons of the hotel. If he does not do so, and a guest of the hotel is injured by reason of the defects of such electric lights or appliances, he is liable in damages for the injuries sustained by such guest.

Opinion filed July 16, 1919.

Appeal from order denying motion for new trial and from judgment, Ward county, *K. E. Leighton,* J.

Affirmed.

*Bradford & Nash,* for appellant.

---

NOTE.—On liability of innkeeper for injury to guest from defective lighting appliance, see note in 6 A.L.R. 590, where it is held that an innkeeper is liable to a guest for injuries resulting from a defective electric lighting appliance intended for the use of the guest, where he has failed to use ordinary care in the installation and maintenance of the same.

"The use of the thing must be dangerous according to common experience, at least to the extent that there is a manifest and appreciable chance of harm from what is done in view of either the actor's knowledge or of his conscious ignorance." Com. v. Pierce, 52 Am. St. Rep. 264.

Again: "Mischief which could by no reasonable possibility have been foreseen and which no reasonable person would have anticipated cannot be taken into account as a basis upon which to predicate wrong." Wabash R. Co. v. Lock (Ind.) 2 Am. St. Rep. 193.

*Sinkler & Eide* and *Greenleaf, Wooledge, & Lesk,* for respondent.

"The facts speak plainer than the testimony of experts, and say that there was negligence on the part of the defendant which led to the plaintiff's injury. It was a question for the jury. The jury determined it in favor of the plaintiff, and certainly the fact that it happened is evidence of the fact that it could happen." Leiferman v. White (N. D.) 168 N. W. 569.

GRACE, J. Appeal from a judgment and from an order of the district court of Ward county denying motion for a new trial, K. E. Leighton, Judge.

This action is brought by plaintiff to recover damages by reason of certain injuries suffered and sustained to her person by reason of a dangerous charge and current of electricity passing into and upon her body when she turned on an electric light in a room of a hotel operated by defendant, which room was being occupied by her as a guest and patron of the hotel. It is claimed and charged by plaintiff that the defendant negligently and carelessly failed to keep the electric lights and wires, etc., in said room in a safe and proper condition, and negligently and carelessly permitted them to become out of repair; that he carelessly and negligently failed to inspect and put said electric lights in proper repair, and permitted the same to remain in a dangerous and unsafe condition, and that the injuries of the plaintiff were caused thereby. Defendant admits that he was operating a hotel and that plaintiff was a guest therein, and avers the injuries, if any, to plaintiff were caused by her own negligence and contributory negligence. It is further averred in the answer that the plaintiff brought an action for the same injury against the Consumers' Power Company and alleged

that said injury was due to the wrongful act of that company; that she entered into a stipulation and agreement with it whereby she agreed to accept and that company agreed to give the sum of $100 in settlement of said claim from the said injury, and that she agreed to release them from any claims of damage by reason of the injury; that said sum so agreed to be paid should not in fact be actually paid until after the time of this action and trial of the action between plaintiff and defendant herein. This point, we think, now is completely abandoned and will need no further consideration.

This action has been twice tried to a jury. In the first action plaintiff recovered a verdict for $2,800 damages. The trial court set that verdict aside on the ground that it was excessive, and that the same was the result of passion and prejudice on the part of the jury. From the order granting a new trial defendant appealed to this court on the grounds stated; the order appealed from was affirmed, the writer hereof dissenting, and the case was remanded to the lower court for another trial, which has occurred, and a verdict again returned in the plaintiff's favor, at a trial had after the expiration of approximately two years since the first trial. The jury, at the second trial of the action, returned a verdict for plaintiff for $3,625. The second trial having occurred at about two years since the first trial, and the jury having been necessarily composed of men who knew nothing concerning the fact that a former verdict had been returned for $2,800, such fact clearly demonstrates there was no passion or prejudice exercised by the jury which returned the verdict for $2,800. The defendant in this action has appealed from the judgment and from the order refusing to grant the judgment, notwithstanding the verdict, or a new trial.

In his appeal defendant specifies nine assignments of error, and in addition thereto the insufficiency of the evidence to support the verdict. In effect, the same errors and reasons are assigned in support of the motion for a judgment *non obstante* or for a new trial and the appeal from the judgment. In the motion for a new trial it is again claimed that the damages are excessive and appear to have been given under the influence of passion or prejudice. There is no merit in such contention. The defendant assigns as error the admitting as evidence in this trial the testimony of witness, Mrs. Cotta, taken at the former trial. She personally appeared and testified upon the first trial. She was

cross-examined by the same counsel who appeared for defendant upon the second trial. Her testimony was taken down in the ordinary manner at the former trial, and was transcribed and settled as a part of the statement of the case upon the former appeal. At the time of the present trial she was out of the state and beyond the jurisdiction of the court. Under these circumstances it was proper to read into the record in this case the evidence which she gave upon the first trial. It was proper for the trial court to receive and admit the evidence of the witness Cotta, given upon a former trial, and there was no error in admitting such evidence. There was no error in the court's refusal to strike out the testimony of Mary Reid, with reference to the absence of the witness Cotta, or the efforts of Mrs. Reid to procure Mrs. Cotta, who was in Minneapolis, to come to Minot with her as a witness in this action. The defendant maintains in his assignments of error, and in his assignment of the insufficiency of the evidence to sustain the verdict, that it appears from the undisputed evidence that the fixtures involved were the usual and ordinary Edison lamp and socket attached to the usual and ordinary drop cord, and that by no means known to science could this fixture give forth a shock or possibly cause a burn to a person turning on the current key. The defendant further claims the undisputed evidence shows that the only way in which a shock could be obtained from such fixture would be for the person turning on the current to have grasped the brass socket of the lamp at its base, being at the same time connected with the current through the medium of metal or water, and then turning on the current by the means provided. There is considerable expert testimony to this effect. This is, however, not conclusive. The physical facts speak louder than the testimony of the experts. The plaintiff was injured. This cannot successfully be disputed. She was injured by an electric current from the lamp in question. In the face of these physical facts the testimony of the experts becomes of little probative force. The jury must have disbelieved the testimony of the experts, and this they did have a right to do. Jurors, as a rule, are men of average and reasonable minds, and in the face of physical facts expert testimony did not have any great weight with them. The defendant maintains, further, that the plaintiff was guilty of negligence and contributory negligence. This question was

one exclusively for the jury, and it has found against the contentions of the defendant, and that completely disposes of those questions.

We have examined the evidence, and it is quite sufficient to sustain the verdict. There was no error in the court refusing to grant judgment to the defendant, notwithstanding the verdict, nor error in denying defendant's motion for a new trial. We have examined with considerable care all and each of the errors assigned and find no prejudicial nor reversible error. The matters in controversy have been submitted to two separate and distinct juries; the last trial was approximately two years after the former. There is not the least reason to claim any passion or prejudice. There has been no passion nor prejudice shown by the jury. There is no evidence nor any reason upon which to base such a claim. The jury is the exclusive judge of the facts of the case, and it has decided against the defendant. He must abide the result. The order and judgment appealed from are in all things affirmed. Respondent is entitled to statutory costs on appeal.

CHRISTIANSON, Ch. J. (concurring specially). This case is here for a second time. The trial court set aside the verdict returned on the first trial on the ground that it was given under the influence of passion and prejudice. In his memorandum filed with the order granting a new trial the court based this ruling largely upon the insufficiency of the evidence bearing upon the question of permanent injuries. 36 N. D. 556, 162 N. W. 903. On appeal this court held that it had not been shown that the trial court had abused its discretion in granting a new trial. In so holding this court merely recognized the well-settled rule that the trial court was vested with discretionary powers in determining the motion for a new trial on the ground stated, and that this court was limited to a consideration of whether the trial court had abused its discretion. For, as was stated by Mr. Justice Grace in Huber v. Zeiszler, 37 N. D. 556–560, 164 N. W. 131, "a granting or refusal to grant a new trial rests largely in the discretion of the trial court, and unless there is plain abuse of such discretion an order in such matter will not be disturbed."

The second trial took place twenty-seven months after the first trial. Upon the second trial the plaintiff testified that certain nervous symptoms and certain pains in her back to which she had referred on the

43 N. D.—8.

first trial still continued and had become worse rather than better. The physician who attended the plaintiff and who testified upon the first trial was also called and testified upon the second trial. The situation upon the second trial, therefore, was that the plaintiff had undergone twenty-seven months more of pain and suffering than she had undergone at the time of the first trial, and manifestly both the permanency of injury and the extent thereof were far better established upon the second trial. So the second verdict clearly rests upon a far stronger basis than the first verdict. The trial court refused to disturb the verdict, and under the rule of law announced by this court in its former decision in this case the verdict and the trial court's ruling should be sustained.

So far as the question of defendant's negligence and plaintiff's contributory negligence are concerned, I am of the opinion that under the evidence these were questions for the jury. It may also be noted that they were held to be so by the trial court upon the motion for a new trial after the first trial. I am also of the opinion that the testimony given by the witness Mrs. Cotta upon the first trial was properly admitted in this case under the rule announced in Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23.