**WOODWARD & LOTHROP v. HEED.**

No. 315.

Municipal Court of Appeals for the
District of Columbia.

Oct. 17, 1945.

Rehearing Denied Nov. 13, 1945.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Russell D. Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

This appeal is from a judgment after verdict of a jury in favor of the appellee in a suit for breach of implied warranty in the sale of a muskrat fur coat.

At the trial appellee testified that she had purchased the coat at appellant's store; that its salesman assured her the fur would wear well and, having no experience in furs, she relied on his skill and judgment. She paid the purchase price of $297.78, and the coat was delivered to her in the latter part of November, 1943. She used it carefully, seldom wearing it on street cars or busses, kept it on a hanger at her office and at home, and never exposed it to excessive heat or moisture.

In the latter part of February, 1944, she took the coat to appellant's store and com-plained that the fur had worn off around the neck, down the front, and at the ends of the sleeves; that the lining had loosened at the bottom and the pockets had become unstitched. She was told that the fur had not worn off but had matted down and needed brushing; that she should wear the coat during the remainder of the season and the store would then make some repairs. She insisted that the fur had worn off and demanded return of the purchase price. This was refused. A few days later she left the coat at the store and has refused to accept its return.

■ Appellant produced two witnesses, who, for a number of years, had been employed by it as fur buyers. They testified that the coat showed no more than the natural result of a season's wear; that the fur had not worn off at the places indicated but had become "matted down" and could be restored by a process of heavy brushing. Appellant introduced the coat in evidence.

Thus there was a sharp conflict in evidence upon a very narrow issue. Appellee's testimony, by her own admission, was that of a nonexpert. It was contradicted by the evidence of expert witnesses. This is the basis of appellant's contention that the failure to meet expert testimony with evidence of like character should have resulted in a directed verdict in its favor.

But the coat itself, in the condition in which it was returned to appellant, was admitted in evidence and placed before the jury for its inspection. Coats made of muskrat pelts are not uncommon or unusual. The fur is one with which the average man or woman is reasonably familiar.

■ It is not improbable that the average juror would be able to determine by inspection, or on examination, whether the fur had worn off or was matted down, and would reject any testimony, expert or otherwise, at variance with the results of his own observation. When the issue of fact is the condition of such an article the introduction in evidence of the thing itself, to enable a jury to observe its condition, is competent and persuasive evidence.

In Mandel Bros. v. Mulvey, 230 Ill.App. 588, where a $75 overcoat showed unusual signs of wear after two months, the witnesses for plaintiff were not experts. The court in sustaining the verdict for the purchaser, said that the appearance of the coat, with other evidence, justified the jury in their conclusion.

In Reid v. Ehr, 43 N.D. 109, 174 N.W. 71, 72, 6 A.L.R. 586, the court said: "The physical facts speak louder than the testimony of the experts. * * * The jury must have disbelieved the testimony of the experts, and this they did have a right to do. Jurors, as a rule, are men of average and reasonable minds, and in the face of physical facts expert testimony did not have any great weight with them."

And in Ewing v. Goode, C.C.Ohio, 78 F. 442, 444, Justice Taft said that: "In many cases, expert evidence, though all tending one way, is not conclusive upon the court and jury, but the latter, as men of affairs, may draw their own inferences from the facts, and accept or reject the statements of experts."

Cases undoubtedly arise in which a subject is so highly specialized that a court and jury must be dependent upon expert evidence.[1] We do not think this was such a case.

■ Our statute, Code 1940, § 28—1115 (1), adopts the provision of the Uniform Sales Act that where goods are sold for a purpose made known to the seller and the buyer relies on the seller's skill and judgment "there is an implied warranty that the goods shall be reasonably fit for such purpose." It is a recognized rule of construction that "the warranty must be reasonably construed in the light of common knowledge in reference to the nature of the article sold."[2]

■ Clothing, especially an article of luxury such as a fur coat, is purchased for appearance as much as, if not more than, for comfort. Defects in material usually do not become manifest until the article is worn. Where the cloth of an overcoat became worn after two months' use,[3] where a fur coat became bare in spots after two to three months' wear,[4] recoveries for breach of warranty have been upheld. Where defects develop in so relatively short a time, evidence of the durability of comparable objects is not required. It becomes a material factor in such cases as Mars v. Herman, D.C.Mun.App., 37 A.2d 351, where carpet sold under an implied warranty had been used for two and one-half years.

■ We think it was competent for the jury to decide whether the coat, in the condition in which they saw it after three months' wear, was "reasonably fit" for the purpose for which it was sold. The judge, therefore, properly denied appellant's prayer for an instructed verdict at the close of the case and overruled the motion for a new trial. Having proceeded with the submission of its own evidence after denial of its motion at the close of plaintiff's case, appellant is precluded from seeking review of this action on appeal.[5]

Affirmed.

The CHIEF JUDGE, who wrote the foregoing opinion, died before its publication.

---

[1] 7 Wigmore, Evidence, 3d Ed., Sec. 2090. That the dividing line between subjects requiring and those determinable without expert evidence is sometimes doubtful is illustrated by the case of United States Radiator Corp. v. Henderson, 10 Cir., 68 F.2d 87, in which Judge Phillips dissented from the majority opinion on the ground that the proper designing of the furnace involved could only be decided with the aid of expert testimony.

[2] Cavanagh v. F. W. Woolworth Co., 308 Mass. 423, 32 N.E.2d 256, 258; Landers v. Safeway Stores, 172 Or. 116, 139 P.2d 788.

[3] Mandel v. Mulvey, supra.

[4] Brandenberg v. Samuel Stores, Inc., 211 Iowa 1321, 235 N.W. 741, 77 A.L.R. 1161.

[5] Henderson v. Allison, D.C.Mun.App., 44 A.2d 220.