## SNYDER v. THORNILEY.

### No. 669.

Municipal Court of Appeals for the District of Columbia.

Nov. 4, 1948.

Albert Brick, of Washington, D. C. (Milton Mindell, of Washington, D. C., on the brief), for appellant.

Robert H. Driskill, of Washington, D. C. (John L. Chapman, Jr. of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, HOOD, Associate Judge, and CASEY, Acting Judge (sitting by designation).[1]

CAYTON, Chief Judge.

This was a suit against a real estate broker to recover compensation allegedly earned by plaintiff, an employee of the broker, in connection with the sale of certain real estate. Plaintiff based her first count on a commission due and on this count the trial judge directed a verdict for defendant. The second count charged defendant with fraud and deceit in falsely representing that she (defendant) had secured a salesman's license for plaintiff. It was on this count that the case was submitted to the jury which returned a verdict for plaintiff. From the judgment which followed defendant appeals.

The first error assigned is the refusal of the trial judge to direct a verdict for defendant. A motion for such direction was made at the close of plaintiff's case, and overruled. Defendant then proceeded to put on her evidence and thereby waived her right to complain of the error, if any there was.[2] The motion, as we shall see, was not renewed at the close of the case.

Appellant next criticizes the judge's instructions to the jury. The stenographic transcript, however, reveals that she made no requests for instructions, either written or verbal. It also reveals that when the charge had been completed the trial judge asked whether either counsel had "anything else" and there was no response. Thus there was not only no timely objection to

[1] Code 1940, Supp. V, § 11—771.

[2] Woodward & Lothrop v. Heed, D.C. Mun.App., 44 A.2d 369; Henderson v. Allison, D.C.Mun.App., 44 A.2d 220; Hall v. United States, D.C.Mun.App., 34 A.2d 631.

the correctness of the charge as given and no opportunity for the trial judge to consider appellant's criticism, but actually an acquiescence in the court's instructions.[3]

Appellant's third assignment of error relates to the overruling of her motion for new trial or for judgment non obstante veredicto. It is settled beyond question that the action on a motion for a new trial is not reviewable except for an abuse of discretion. Here it is not even suggested that there was such an abuse; indeed counsel has presented no reason why he should have been awarded a new trial. As to the motion for judgment notwithstanding the verdict we have recently held in Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App., No. 658, decided October 6, 1948, 61 A.2d 624, that under Municipal Court Rule 46(b) such a motion can only be entertained when the party making it has at the trial moved for a directed verdict. In this case defendant went to the jury without challenging the sufficiency of the evidence at the close of the case. We must hold, as we have before and as the federal courts have consistently held, that it is too late to challenge it on appeal by assigning as error the refusal to grant a judgment notwithstanding the verdict. Krupsaw v. W. T. Cowan, Inc., supra; Nickel v. Scott, D.C.Mun. App., 59 A.2d 206, and federal cases there cited.

Affirmed.

---

[3] Crockett Engineering Co. v. Ehret Magnesia Mfg. Co., 81 U.S.App.D.C. 159, 156 F.2d 817; Watwood v. Potomac Chemical Co., D.C.Mun.App., 42 A.2d 728.