**BROOKS et al. v. JENSEN et al.**

**No. 869.**

Municipal Court of Appeals for the
District of Columbia.

Argued March 20, 1950.

Decided April 20, 1950.

Saul G. Lichtenberg, Washington, D. C., with whom Joseph J. Philips, Washington, D. C., was on the brief, for appellants.

Herman Miller, Washington, D. C., for appellee Willoughby.

Charles H. Quimby, Washington, D. C., for appellees John M. Jensen and Daisy Jensen.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellants, William and Peggy Brooks, listed a furnished rooming house, owned by them, for sale with appellee Willoughby, a real estate broker. The broker obtained appellees, John and Daisy Jensen, as purchasers of the property. The purchasers entered into a sales contract with the sellers, depositing $1,000 and agreeing to pay the balance of the purchase price at the settlement date. On that day they refused to perform claiming that the sellers and the broker had represented the rooming house to have a monthly income of $300 from rentals when in fact it was disclosed at the settlement proceeding that the income was only $230 per month. They demanded the return of their deposit and upon refusal instituted this suit to recover it on the ground of the alleged fraudulent representation as to the rental income. The sellers and the broker were joined as defendants. The broker filed a cross-claim against the sellers for his commission, alleged that he had obtained a purchaser in accordance with his agreement and that if the sale was not consummated because of misrepresentations the fault was that of the sellers and not his.

The case was tried to a jury which returned a verdict in favor of the purchasers against both the sellers and the broker, and for the broker on his cross-claim against the sellers. On motion of the sellers the court set aside the verdict for the purchasers against the sellers and entered judgment for the sellers.[1] The court then entered judgment for the purchasers against the broker, and judgment for the

---

1. This result was apparently reached by agreement of the parties. According to counsel the broker had retained the deposit and when judgment was entered against him he promptly satisfied the judgment by returning such deposit.

broker against the sellers for the broker's commission.

█ █ The sellers have appealed. Their first assignment of error is that the court erred in refusing to grant a directed verdict in their favor against the purchasers. Such a motion was made at the close of plaintiff's evidence and upon its denial appellants proceeded to present evidence on their behalf. They thereby waived benefit of their motion and since the motion was not renewed at the close of all the evidence there is no basis for this claim of error. Furthermore, the verdict in favor of the purchasers against the appellants was ultimately set aside. There is no judgment against appellants as far as the purchasers are concerned, and the appeal must be dismissed as to the purchasers.

The only judgment against appellants is that of the broker for his commission and this appeal must be considered solely with respect to that judgment. The remaining assignments of error relate to alleged errors in the instructions of the court to the jury with respect to the broker's claim. However, appellants offered no requested instructions and made no objection to the charge as given. The only criticism of the charge made by appellants at the time of trial was a suggestion that the jury be instructed that if the purchasers were mistaken in that "they just assumed something that didn't exist" they could not recover. However, the court had already instructed the jury that if they found for the purchasers they must do so on the basis of a false representation made by the defendants. The request as framed by appellants would have added confusion rather than clarification.

█ The points now raised were not made in the trial court and it is well established, with limited exceptions not here applicable, that matters not raised and passed upon in the trial court afford no basis for review on appeal.

The appeal with respect to the appellees Jensen is dismissed. The judgment in favor of appellee Willoughby is affirmed.