**FRED DREW CONST. CO. v. MIRE et al.**

**No. 1199.**

Municipal Court of Appeals
District of Columbia.

Argued April 28, 1952.

Decided June 10, 1952.

Denver H. Graham, Washington, D. C., (Albert E. Brault, Washington, D. C., on the brief), for appellant.

Joseph C. Suraci, Washington, D. C., for appellees Mire.

Henry S. Snyder and Walter D. Newrath, Washington, D. C., for appellee Bernstein.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Judge.

This is an appeal from a judgment of the Municipal Court awarding plaintiffs damages against appellant for its negligence in excavating property adjoining a store leased by plaintiffs in such a way as to permit water to flow into plaintiffs' property and damage certain personalty. Plaintiffs' complaint was in two counts and named their lessor and the appellant as joint defendants. The first count was for breach of covenant of quiet enjoyment; the second count was in tort for negligently excavating on land adjacent to the building

occupied by plaintiffs. Defendants answered with general denials, in addition to which defendant lessor filed a cross-claim against the defendant construction company to recover from it any amount for which the jury might find him liable. Plaintiffs introduced evidence that they operated a restaurant in a building owned by the defendant lessor and that the lessor, who also owned the adjacent property, engaged the defendant construction company (appellant here) to construct a new building abutting on the building occupied by plaintiffs. It was further shown that the defendant construction company in excavating the ground for this new building permitted water to accumulate in ditches it had dug for the purpose of laying concrete footings or foundations. This accumulated water was the result of summer rains occurring a few days after these trenches were dug. On the morning following the first rain, as after several subsequent rainy nights, the plaintiffs' basement was flooded and certain provisions used in their business were ruined along with a piece of machinery kept in the basement. Plaintiffs also testified that their basement had always been dry prior to the excavating done by the defendant construction company. The plaintiffs were put to the trouble and expense of having to bail out their basement on these occasions, in addition to several times when the defendant construction company brought pumps to the job to pump the water out. These facts, while briefly sketched here, were brought out in detail during the trial and photographs of plaintiffs' basement showing where the water came in were admitted in evidence.

At the close of all the evidence the court directed a verdict for the defendant lessor on the tort count and for the defendant contruction company on the count alleging breach of the covenant of quiet enjoyment. Consequently the claim against defendant lessor went to the jury solely on the question of breach of his covenant of quiet enjoyment with instructions to find against him on his cross-claim if the jury did not find him liable on the first count, and the claim against defendant construction company went to the jury on the question of

its negligence. The jury returned a verdict for the defendant lessor on the first count and for the defendant construction company on the cross-claim, but found that the defendant construction company was liable for $550 on the tort claim. Defendant construction company now brings this appeal from the judgment entered thereon. While the defendant lessor has been named as a party to this appeal, he has not filed a brief in this court, and under our view of this case it is not necessary to consider him further.

■ Appellant first contends that it was error to deny its motion for a directed verdict on plaintiffs' opening statement and also that it was error to deny its motion for a directed verdict at the close of plaintiffs' evidence. As to the first of these contentions, we think it is sufficient to say that under the rule laid down by us in Custer v. Atlantic & Pacific Tea Co., D. C.Mun.App., 43 A.2d 716 (and cases there cited), it was not error for the trial judge to refuse to take the case from the jury on the opening statement of counsel.

■ As to the second contention, it has repeatedly been held that when such a motion for a directed verdict is made at the conclusion of the plaintiff's case and overruled, the error, if any, is waived when a defendant elects to proceed with his proof. Capital Transit Co. v. Gamble, 82 U.S. App.D.C. 57, 160 F.2d 283; Brooks v. Jensen, D.C.Mun.App., 73 A.2d 32; Snyder v. Thorniley, D.C.Mun.App., 62 A.2d 316.

■ As for appellant's assignment of error with regard to the trial court's denial of its third motion for a directed verdict made at the conclusion of all the evidence, suffice it to say that we have read the entire record and are in full agreement with the trial court in believing that there was sufficient evidence to warrant the submission of the case to the jury. It was shown that the defendant construction company excavated the trenches in such a manner that the jury could have believed that such excavating was negligently done and was the cause of the flooding of plaintiffs' basement.

It has been recognized before that in the building of structures which are to be exposed to the elements such as these trenches that were dug for the footings, the exercise of due care requires that precautions be taken against storms which may reasonably be anticipated.[1] No evidence was given as to the amount of rainfall which fell during the storms, nor as to the time within which it fell. It was admitted, however, by defendant construction company's foreman on the job that they checked with the Weather Bureau every day, but no testimony was offered as to what information they received from the Bureau. The jury, no doubt, regarded the heavy rainfall as a hazard which should have been anticipated and against which precautions should have been taken to avoid the type of damage as the one we are now considering. We feel there was sufficient evidence to justify the jury's verdict as to negligence.

 Appellant also assigns as error the refusal of the trial judge to instruct the jury that the damages suffered by the plaintiffs were as a result of an act of God. We agree with the trial judge and adhere to the rule which he undoubtedly followed, that in determining liability for injury or loss claimed to have been caused by the act of God, when the effect, the cause of which is to be considered, is found to be in part the result of the participation of man, whether it be from active intervention or neglect, the whole occurrence is thereby humanized and removed from the operation of the rules applicable to the acts of God.[2]

Among his assignments of error appellant claims that the trial court erred in directing a verdict in favor of the defendant lessor on his cross-claim against the defendant construction company. A review of the record, however, discloses that the verdict on the cross-claim was returned by the jury and furthermore it was in favor of appellant.

Appellant's final assignment of error goes to the amount of the verdict. Appellant filed a motion for remittitur which was denied and judgment was entered on the verdict in the sum of $550 plus interest and costs. In support of this proposition the appellant cites Boyle v. Bond, 88 U.S.App.D.C. 178, 187 F.2d 362, wherein the court held that the failure to grant a new trial or a remittitur was such an abuse of discretion as to constitute error as a matter of law. With this we agree. A careful review of the entire record discloses that the actual damages proven by the testimony and evidence of the plaintiffs was at most $303, whereas the jury's verdict was for $550, or $247 more than the evidence had shown. Following the rule laid down in Boyle v. Bond, supra, we reverse and remand the cause for a new trial unless the appellee prefers to settle the matter by filing a remittitur within ten days in this court for $247, in which event the judgment will stand affirmed.

So ordered.

---

1. Conlin v. Coyne, 19 Cal.App.2d 78, 64 P.2d 1123; Asher v. Pacific Electric Ry. Co., 42 Cal.App. 712, 187 P. 976.
2. Carlson v. A. & P. Corrugated Box Corporation, 364 Pa. 216, 72 A.2d 290;

Connelly v. State, Ct.Cl., 44 N.Y.S.2d 331; Blessing v. Camas Prairie R. Co., 3 Wash.2d 266, 100 P.2d 416; 1 C.J.S., Act of God, page 1423 et seq.