**Mae McCARTHY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2691.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 27, 1961.

Decided March 30, 1961.

Dennis Collins, Washington, D. C., with whom Harry A. Finney, Washington, D. C., was on the brief, for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Appellant's property was flooded by rainwater. She sued the District of Columbia charging that it was negligent in failing to keep a watercourse and drain opening next to her property free from leaves, twigs and other debris, and that there was a clogging which caused the water to back up and flow into the basement of her property. Her evidence was that the condition had continued for several years and that although the District knew about it, nothing was done to correct it until after the damage to plaintiff's property. Appellant assigns several errors but we need discuss only two. Both relate to the court's instructions to the jury.

Our first question is whether it was proper to submit the issue of contributory negligence to the jury. This issue was discussed in the charge more than once and at considerable length. We must agree with appellant that there was no evidentiary basis for an instruction on this subject. There was no showing that any act of omission or commission by appellant in the use of her property caused an excess amount of debris to be thrown into the watercourse. Undoubtedly natural weathering and seasonal changes caused some of the materials to come from her property, but in minute amounts over which she could exercise no control. This did not make out a case of contributory negligence.

Nor was contributory negligence shown merely because some of the water flowing in the watercourse came from appellant's land. That was the purpose of the drainage system. The District argues that her use of it was contrary to section 614(c) of the municipal Plumbing Code, and that violation of that regulation is evidence of (contributory) negligence. There was no evidence appellant violated that section. It requires private drain pipes to "discharge wholly within the lot lines, or to discharge into street gutter." Assuming a "street gutter" means any drainage facility maintained by the District to carry off surface water, that is the case we have here. The same section also forbids maintenance of the line so as to discharge "over sidewalks, public parking, or adjoining property." There was no evidence that appellant's surface drain lines discharged in that manner. We must hold that it was error to submit the question of contributory negligence to the jury.

In charging the jury on proximate cause, the judge said: "If you find that the proximate cause was the torrential rainstorms, and that in substance is an act of God, then the District of Columbia could not be held liable and your verdict would be for defendant." Appellant objected to this part of the charge.

We recently held that heavy but forseeable rainfalls could not be classified as acts of God. Garner v. Ritzenberg, D.C.Mun. App., 167 A.2d 353. In that case there was a "flash flood" heavy enough to move automobiles on the street; in this case there was a succession of heavy rains over a period of several days. Also, in this case, it was not solely the amount of rain which caused the damage, but according to plaintiff's evidence, the failure of those responsible to keep the watercourse clean. That failure interjects a human element and removes the entire occurrence from the operation of the rules applicable to acts of God. Fred Drew Const. Co. v. Mire, D.C.Mun.App., 89 A.2d 634. The instruction was prejudicial to plaintiff and should not have been given.

Reversed with instructions to grant a new trial.