**Talley R. HOLMES, Appellant,**

v.

**F. Hamilton HINTON, Executor, Estate of Florence M. Saunders, Robert H. Littleton, Frank R. Cook, Jr., and Joseph Fitzgerald, Jr., Administrator of the Estate of Emma Lee Littleton, Appellees.**

No. 2742.

Municipal Court of Appeals for the District of Columbia.

Argued May 2, 1961.

Decided May 19, 1961.

John D. Fauntleroy, Washington, D. C., for appellant.

Roy Garvin, Washington, D. C., for appellee Hinton.

Frank R. Cook, Jr., Washington, D. C., for appellees Cook and Littleton.

Joseph Fitzgerald, Jr., Washington, D. C., entered an appearance for appellee Administrator.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

The holder of a promissory note secured by a deed of trust sued one of the makers and the executor of the estate of another maker; also a trustee whom he charged with having wrongfully released the trust. On motion of one of the defend-

ants the court added as defendants the administrator of a person described as the last holder of the note, and also another person who had received money in payment of the release. All defendants filed answers in general denial.

When the case came on for trial plaintiff proved the execution of the note and testified that it had not been paid. One of the defendants moved to dismiss and introduced in evidence a copy of a document purporting to release the deed of trust. Giving no reasons for his ruling the trial judge ordered a dismissal of the action.

 On this appeal by plaintiff we must hold that the dismissal was patently erroneous. In the first place, when a defendant introduces evidence it amounts to an opening of his case and a waiver of the right to then demand a dismissal (or a directed verdict when trial is by jury).[1] The trial judge cannot properly decide the case until the evidence is completed, and that means when both sides have offered evidence and rested or when after the close of plaintiff's case defendant elects to stand on a motion to dismiss and offers no evidence.[2]

Here the plaintiff made out his prima facie case by proving the making of the note and its non-payment. If the judge based his dismissal on the purported release, he was wrong for two reasons. First, the pleadings and statements of counsel presented the question whether one of the defendants had wrongfully executed the release. Testimony should have been taken on that question. Second, even if the release of the trust was valid, there would still remain the question as to whether the note itself had been discharged. The release of the security for a debt does not of itself discharge the debt. 2 Jones, Mortgages § 1262 (8th ed. 1928).

If, as has been suggested in this court, the judge based his decision on limitations or laches, it must be said that neither of these defenses were relied on or even mentioned in any of the pleadings or at the trial.

If the dismissal was based on the theory (also advanced here but not below) that plaintiff was not a holder in due course, the ruling was in error. That decision could not properly have been made by merely examining the pleadings and the note; the question, if it had been properly raised, would require the taking of testimony.

It follows from what we have said that the dismissal was wrong and that there must be a reversal of a new trial.

Reversed.

1. See Fred Drew Const. Co. v. Mire, D.C. Mun.App., 89 A.2d 634; Brooks v. Jensen, D.C.Mun.App., 73 A.2d 32; Snyder v. Thorniley, D.C.Mun.App., 62 A.2d 316; see also Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649.

2. Merriam v. Sugrue, D.C.Mun.App., 41 A.2d 166.